**DECLARATION**

1    ## DECLARATION OF JAN SUMNER IN SUPPORT

2    ## OF DEFENDANTS' NOTICE OF REMOVAL

3    I, Jan Sumner, declare as follows:

4    1.    I am employed as the Vice-President of Human Resources by Diamond Paymaster

5    LLC, a Washington Limited Liability Company with a principal place of business in Washington

6    and wholly-owned subsidiary of Defendant Diamond Parking, Inc. The other named Defendant,

7    Diamond Parking Services, LLC does not employ any individuals. The two entities named as

8    Defendants are collectively referred to as ("Defendants"). I work in Seattle, Washington, and am

9    not a party to this action. I am familiar with the facts set forth in this declaration and could testify

10   competently to them.

11   2.    As Vice-President of Human Resources, I am fully familiar with the payroll

12   records maintained for Defendants' non-exempt employees in California. Plaintiff Robert Teruel

13   was employed in California with Diamond Paymaster LLC from September 19, 2005 to May 3,

14   2006. He received a salary annualized at approximately $45,000.

15   I declare under the penalty of perjury under the laws of the United States that the

16   foregoing is true and correct and that this declaration is executed on June 27, 2007 at Seattle,

17   Washington.

18   _____
     Jan Sumner

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JAN SUMNER IN SUPPORT
OF DEFENDANTS' NOTICE OF REMOVAL
LAX 430976v1 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**EXHIBIT "A"**

Fax Server

MAY. 18. 2007  3:10PM        NO. 5123   P. 5

COPY

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Diamond Parking, Inc., a Washington Corporation; Diamond Parking
Services, LLC, a Washington Limited Liability Company; and Does 1
through 500, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Robert Teruel, individually; and on behalf of all those similarly situated

</td><td>

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED BY FAX**
ALAMEDA COUNTY

May 21, 2007

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

</td></tr>
</table>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>1225 Fallon Street<br>Oakland, CA 94612 | **RG07326831**<br>*Número del Caso:* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

A. Nicholas Georggin, Esq. (Bar # 170925)      Phone No. (949) 367-8590
KRUTCIK & GEORGGIN        Fax No. (949) 367-8597
26021 Acero, Mission Viejo, CA 92691
DATE:
*(Fecha)* May 21, 2007     Clerk, by _____, Deputy
               *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Diamond Parking Services, LLC, a Washington limited liability company

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☒ other (specify): Ent
4. ☒ by personal delivery on (date): 06/04/07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

1 | **KRUTCIK & GEORGGIN**
A. Nicholas Georggin, Esq. (SBN 170925)
2 | Carmine J. Pearl, II, Esq. (SBN 217389)
26021 Acero
3 | Mission Viejo, CA 92691
(949) 367-8590;     (949) 367-8597 FAX
4 | ngeorggin@kglawoffices.com; cjpearl@kglawoffices.com

5 | Attorneys for Plaintiff ROBERT TERUEL, individually;
and on behalf of all those similarly situated

**FILED BY FAX**
ALAMEDA COUNTY

May 21, 2007

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
RG07326831

6

7

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF ALAMEDA

10

11 | ROBERT TERUEL, individually; and on
behalf of all those similarly situated,
12 | 
Plaintiffs,
13 | 
vs.
14 | 
DIAMOND PARKING, INC., a Washington
15 | Corporation; DIAMOND PARKING
SERVICES, LLC, a Washington Limited
16 | Liability Company; and DOES 1 through 500,
inclusive,
17 | 
Defendants.
18

CASE NO.
Assigned for All Purposes to:
Hon.
Dept.:

**PLAINTIFFS' WAGE/HOUR CLASS ACTION COMPLAINT FOR:**

(1) **FAILURE TO TIMELY PAY ALL WAGES;**
(2) **FAILURE TO PAY OVERTIME WAGES;**
(3) **FAILURE TO PAY MINIMUM WAGES;**
(4) **FAILURE TO PROVIDE REST AND MEAL PERIODS;**
(5) **FAILURE TO REIMBURSE EXPENSES;**
(6) **STATUTORY WAGE VIOLATIONS (LATE PAYMENT OF WAGES);**
(7) **BREACH OF CONTRACT;**
(8) **UNFAIR WAGE/HOUR BUSINESS PRACTICES PURSUANT TO BUSINESS & PROFESSIONS CODE SECTION 17200 et seq.;**
(9) **CONVERSION OF WAGES; and**
(10) **VIOLATION OF CIVIL CODE § 52.1.**
[*Labor Code* §§ 200, 201, 202, 203, 204, 208, 210, 216, 218.5, 218.6, 225.5, 226, 226.3, 226.7(a)(b), 2926, 2927, 500, 510, 512, 516, 558, 1174, 1174.5, 1194, 1194.2, 1197,

PLAINTIFFS' CLASS ACTION COMPLAINT
-1-

1197.1, 1198, IWC Wage Order 4-2001, 7-2001 & 9-2001, *Bus. & Prof.* Code § 17200, et seq., *Civ. Code* §§ 52 & 52.1, *Code of Civ. Proc.* § 382, Cal. Rules of Court, rule 3.760, et seq.]

**JURY TRIAL DEMANDED**

On behalf of himself, ROBERT TERUEL and on behalf of former and current aggrieved employees of Defendants, and on behalf of the general public,, (hereinafter "PLAINTIFFS" or "WAGE-EARNERS"), complains and alleges as follows:

I.

**PRELIMINARY STATEMENT/SUMMARY OF ACTION**

1.     Plaintiff, ROBERT TERUEL, individually, and on behalf of all those similarly situated (hereinafter "PLAINTIFFS" or "WAGE-EARNERS"), files this action to recover unpaid wages, overtime wages, minimum wages, job-related expenses, statutory wages and civil penalties for all present and former employees of Defendants, DIAMOND PARKING, INC., a Washington Corporation, DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company  and DOES 1 through 500, inclusive (hereinafter "DIAMOND PARKING" or "DEFENDANTS"), who worked for DIAMOND PARKING and who were mis-classified as "exempt" from overtime requirements and/or were non-exempt hourly employees within the applicable statutory period.

2.     DIAMOND PARKING is engaged in the operation of automobile parking lots, garages, airport shuttle, valet, and self parking facilities of motor vehicles and various commercial real estate properties including hotels, office buildings, warehouses, storage facilities and boating marinas. DIAMOND PARKING's corporate office is located at 3161 Elliot Avenue, Seattle, Washington 89121.

3.     WAGE-EARNERS have not been paid wages due them under California law.  WAGE-EARNERS, pursuant to California's strong policy of assuring the prompt and accurate payment of earned wages, seek further appropriate recoveries including liquidated damages, statutory wages, penalties, costs of suit, attorneys' fees, interest, and other relief the Court deems appropriate. WAGE-EARNERS also

1  seek any and all employment-related expenses incurred by WAGE-EARNERS in the course and scope

2  of performing their jobs which DIAMOND PARKING failed to timely and properly reimburse to

3  WAGE-EARNERS.

**II.**

**PARTIES**

6      4.      WAGE-EARNERS, which include all current and former employees of DIAMOND

7  PARKING within the statutory period, allege as follows:

8      5.      WAGE-EARNERS are, and at all relevant times referenced herein, present and/or former

9  residents of the State of California.  WAGE-EARNERS are current and/or former employees of

10  Defendants, DIAMOND PARKING, INC., a Washington Corporation, DIAMOND PARKING

11  SERVICES, LLC, a Washington Limited Liability Company and DOES 1 through 500, inclusive.

12      6.      WAGE-EARNERS allege, upon information and belief, that DIAMOND PARKING is,

13  at all times referenced herein, a Washington Company, with its principal place of business in Seattle,

14  Washington.  DIAMOND PARKING has facilities throughout the State of California.

15      7.      WAGE-EARNERS allege that Defendants DIAMOND PARKING acted together in

16  committing the violations of the California Labor Code, Wage Orders, and other laws/regulations alleged

17  herein.

18      8.      WAGE-EARNERS are/were employed by DIAMOND PARKING in California during

19  the applicable statute of limitations period, and/or terminated their employ within said time.  WAGE-

20  EARNERS bring this action individually, as a representative action, and on behalf of a class consisting

21  of similarly situated current and former employees of DIAMOND PARKING who currently and/or

22  formerly work/worked in the State of California.

23      9.      The true names and capacities of DEFENDANTS, DOES 1-500, inclusive, are presently

24  unknown to WAGE-EARNERS, who therefore sue said DEFENDANTS by such fictitious names.

25  WAGE-EARNERS will seek leave of court to amend this Complaint to insert the true names and

26  capacities of said fictitiously named DEFENDANTS when the same have been ascertained.

27

28

10.    WAGE-EARNERS are informed and believe, and thereon allege, that at all relevant times herein mentioned, each of the DEFENDANTS was the agent, representative, principal, servant, employee, partner, alter ego, joint venture, successor-in-interest, assistant, and/or consultant of each and every remaining DEFENDANT, and as such, was at all times acting within the course, scope, purpose and authority of said agency, partnership and/or employment, and with the express or implied knowledge, permission, authority, approval, ratification and consent of the remaining DEFENDANTS, and each DEFENDANT was responsible for the acts alleged herein, were "employers" as set forth by California and other applicable law, and all DEFENDANTS herein were also negligent and reckless in the selection, hiring, and supervision of each and every other DEFENDANT as an agent, representative, principal, servant, employee, partner, alter ego, joint venturer, successor-in-interest, assistant, and/or consultant.

**III.**

**JURISDICTION AND VENUE**

11.    DIAMOND PARKING at all material times herein, is a Washington Company, with its principal place of business in Seattle, Washington, doing business in various Counties in the State of California, including, but not limited to, in the County of Alameda. This Court is the proper Court, and this action is properly filed in this County of Alameda because DIAMOND PARKING maintains offices and transacts business within the County of Alameda and because work was performed in this County by WAGE-EARNERS and those other similarly situated current/former employees of DIAMOND PARKING, made subject of this action.

12.    WAGE-EARNERS disclaim any cause of action arising under the Constitution, treaties or other laws of the United States, including but not limited to any claim arising from an act or omission on a Federal enclave or by any officer of the United States or any agent or person acting on behalf of such individual. No claim under an admiralty or maritime law is alleged. To the extent this paragraph conflicts with any other allegations herein, this paragraph controls.

///

///

///

**PLAINTIFFS' CLASS ACTION COMPLAINT**
-4-

# IV.

## COMMON ALLEGATIONS

13.   WAGE-EARNERS file this action pursuant to California Law relating to Class Action joinder, including but not limited to, Code of Civil Procedure section 382 and California Rules of Court, rule 1850, et seq. DIAMOND PARKING hires employees to work in all capacities, from parking lot attendants to managers. Plaintiff, ROBERT TERUEL, and those similarly situated, (hereinafter "WAGE-EARNERS") were hired as managers or became managers during their employ at DIAMOND PARKING. WAGE-EARNERS' duties include, but are not limited to, travel to various lots and inspecting lots for damage, repair any damage to lot equipment, collect money, run errands for attendant needs, and work as attendants when necessary. According to DIAMOND PARKING's policy, a manager duties include but are not limited to:

•      Hire, supervise, retain and/or terminate direct reports;

•      Professional development of direct reports;

•      Payroll;

•      Field audits;

•      Manage cash flow.

See "essential duties and responsibilities attached hereto as Exhibit "A". Despite DIAMOND PARKING'S job descriptions, the WAGE-EARNERS lack any capacity to hire/terminate employees, exercise discretion and independent judgment, are constantly under strict guidelines from superiors and/or clients, and never, or predominately do not, engage in "exempt" duties. WAGE-EARNERS, and those similarly situated, make very few independent decisions. Job duties are typically dependent on a particular assignment, usually with specific instructions from a client and/or manager. Further, WAGE-EARNERS, and those similarly situated, lack any authority including the requisite hiring and firing authority.

14.   WAGE-EARNERS were hired as a matter of uniform company policy and practice to work and in fact worked as salaried employees in excess of eight hours per day and/or in excess of forty hours per workweek without receiving overtime compensation for such overtime hours worked in direct

1   violation of Labor Code section 1194 and IWC Wage Orders as applicable. WAGE-EARNERS were

2   improperly and illegally mis-classified as "exempt" employees, when in fact, they were "non-exempt"

3   employees as defined by California law. WAGE-EARNERS have a right to be compensated by

4   DIAMOND PARKING at the appropriate compensatory wage rate for all work heretofore performed,

5   consisting of the straight time rate plus the appropriate overtime premium mandated by California law.

6   In addition, WAGE-EARNERS are entitled to statutory wages, interest, penalties, and attorneys' fees and

7   costs.

8       15.    WAGE-EARNERS were paid on a salary basis with no overtime compensation paid for

9   work accomplished in excess of forty hours per week or eight hours per day. WAGE-EARNERS are

10  informed and believe and thereon allege that DIAMOND PARKING has failed to meet the requirements

11  for establishing an exemption from overtime time requirements because all class members: 1) regularly

12  spent more than fifty percent of their working hours performing non-exempt work; 2) did not customarily

13  and regularly exercise discretion and independent judgment; 3) did not have authority to hire or fire or

14  make meaningful recommendations regarding same; 4) did not customarily and regularly supervise at

15  least two employees or the equivalent; 5) did not perform work directly related to the management

16  policies or the general business operations of DIAMOND PARKING or DIAMOND PARKING's

17  customers; 6) did not perform non-exempt sales work for a majority of their time (i.e., in excess of 50%)

18  consistent with DIAMOND PARKING's expectations; 7) did not customarily and regularly spend more

19  than fifty percent of their time away from their place of employee selling or obtaining orders or contracts;

20  and 8) did not earn more than fifty percent of their compensation in a bona fide commission plan.

21      16.    DIAMOND PARKING has a uniform and consistent policy and practice concerning

22  WAGE-EARNERS' duties and responsibilities which required that WAGE-EARNERS work overtime

23  without premium pay and regularly spend more than fifty percent of their time performing non-exempt

24  tasks. DIAMOND PARKING has a uniform policy and practice concerning WAGE-EARNERS' duties

25  and responsibilities such that WAGE-EARNERS do not regularly and consistently exercise discretion

26  and independent judgment.

27

28

17.    The duties and responsibilities of WAGE-EARNERS, and each of them, were substantially similar. Any variations in job activities between different individuals in these positions are legally insignificant to the issues presented by this action since the central facts remain, to wit, WAGE-EARNERS performed non-exempt work in excess of fifty percent of the time in their workday. WAGE-EARNERS did not regularly exercise discretion and independent judgment, routinely worked in excess of forty hours per week and/or eight hours per day, and WAGE-EARNERS were not and have never been paid overtime compensation for their work.

18.    DIAMOND PARKING requires WAGE-EARNERS to work in excess of 8 hours per day, without compensating its employees at the premium rate(s) of pay required by California law, including but not limited to, Labor Code sections 500, 510, 1194, 1198, 2926 and 2927, and applicable IWC wage orders. This work includes Off-the-Clock work (hereinafter, the time and practice of not paying for all hours worked will be referred to as "Off-the-Clock"). California law requires employees who work in excess of 8 hours per day to be compensated at a premium hourly rate of 1.5 times the regular, effective hourly rate, and for all hours in excess of 12 per day to be compensated 2 times the regular, effective hourly rate. California law also requires employees who work in excess of 40 hours a week to be compensated at a premium, hourly rate of at least 1.5 times the regular, effective hourly rate for all hours over 40 per week. Further, the seventh consecutive work day per week must be compensated at premium rate of at least 2 times the regular, effective hourly rate for all hours worked on the seventh consecutive day. By forcing employees to work overtime without proper pay, DIAMOND PARKING violated the premium overtime rate requirements as mandated by California law.

19.    DIAMOND PARKING requires its employees to work hours for which it did not compensate them at the minimum rate of pay for all hours worked when those wages were due. In so doing, DIAMOND PARKING violated the requirements of California law including, but not limited to, California Labor Code sections 1197, 2926 and 2927, and applicable IWC wage orders. DIAMOND PARKING also failed to provide appropriate rest and meal periods as required by California law, including but not limited to, California Labor Code sections 226.7, 516, 2926, 2927, and applicable IWC wage orders.

20. DIAMOND PARKING failed to properly, timely, and in-full, reimburse WAGE-EARNERS for all work-related incurred expenses.

21. DIAMOND PARKING failed to pay WAGE-EARNERS and other employees whose employment has ended, either by termination or voluntary resignation, all earned wages and all incurred expenses when required by California Labor Code sections 201, 202 , 203, 210, 2802, 2926 and 2927, and applicable IWC wage orders, entitling WAGE-EARNERS to statutory late-pay wages, related sums, civil penalties, attorneys' fees and costs, and interest as authorized by California law.

V.

**CLASS ACTION ALLEGATIONS**

**(C.C.P. § 382, Cal. Rules of Court, rule 3.760, et seq.)**

22. WAGE-EARNERS seek class certification pursuant to California wage and hour case/statutory law, IWC wage orders and the provisions of California Law relating to Class Action joinder, including but not limited to, Code of Civil Procedure section 382 and California Rules of Court, rule 1850, et seq.

23. **MIS-CLASSIFICATION CLASS** - All salaried WAGE-EARNERS who worked for DIAMOND PARKING as managers, or the functional equivalent, in the State of California, within the applicable statutory period prior to the filing of this complaint. WAGE-EARNERS further seek to subdivide the class into the following subclasses:

A. **OVERTIME SUBCLASS** - All salaried WAGE-EARNERS who worked for DIAMOND PARKING as managers, or the functional equivalent, in the State of California, within the applicable statutory period prior to the filing of this complaint, and were not paid at the applicable premium rate for all hours worked in excess of the statutory maximum hours per day, and in excess of the statutory maximum hours per week, who were not provided accurate wage statements, and who have overtime wages that remain due and unpaid.

B. **UNPAID WAGES SUBCLASS** - All salaried WAGE-EARNERS who worked for DIAMOND PARKING as managers, or the functional equivalent, in the State of California, within

1 | the applicable statutory prior to the filing of this complaint, and were not paid all their wages earned, who

2 | were not provided accurate wage statements, and who have wages that remain due and unpaid.

3 |                 C.    **MINIMUM WAGE SUBCLASS** - All salaried WAGE-EARNERS who worked

4 | for DIAMOND PARKING, as managers, or the functional equivalent, in the State of California, within

5 | the applicable statutory period prior to the filing of this complaint, whose wages for all hours worked

6 | were paid at a rate less than the minimum wage rate then in effect, who were not provided accurate wage

7 | statements, and who have minimum wages that remain due and unpaid.

8 |                 D.    **UNPAID REST PERIOD SUBCLASS** - All salaried WAGE-EARNERS who

9 | worked for DIAMOND PARKING, as managers, or the functional equivalent, in the State of California

10 | within the applicable statutory period, and did not receive required rest periods as required by California

11 | law, including but not limited to, Labor Code sections 226.7 and 516, and applicable IWC wage orders,

12 | and who have rest period wage amounts that remain due and unpaid.

13 |                 E.    **UNPAID MEAL PERIOD SUBCLASS** - All salaried WAGE-EARNERS who

14 | worked for DIAMOND PARKING, as managers, or the functional equivalent, in the State of California

15 | within the applicable statutory period, and who did not receive required meal periods as required by

16 | California law, including but not limited to, Labor Code sections 226.7, 512 and 516, and applicable IWC

17 | wage orders, who were not provided accurate wage statements, and who have meal period wages that

18 | remain due and unpaid.

19 |                 F.    **UNPAID/LATE EXPENSES SUBCLASS** - All salaried WAGE-EARNERS who

20 | worked for DIAMOND PARKING, as managers, or the functional equivalent, in the State of California

21 | within the applicable statutory period, and who did not receive all wages when due as required by

22 | California law, including but not limited to, California Labor Code sections 201, 202, 203, 208 and 2926.

23 |     24.    **LATE PAYMENT CLASS** - All WAGE-EARNERS formerly employed by DIAMOND

24 | PARKING in the State of California, within the applicable statutory period prior to filing this complaint,

25 | who did not timely receive all wages upon termination of their employment as required by California law.

26 |     25.    **NUMEROSITY** - Based on information and belief, the members of the putative class

27 | exceeds any minimum numerosity requirement.  The exact number of class members is currently

28 |

1  unknown, pending discovery, and will de determined depending actual by reviewing DIAMOND

2  PARKING's employee records and upon the turnover rate for employees over the applicable statutory

3  period prior to the filing of this complaint.

4        26.    **COMMON QUESTIONS OF LAW AND FACT** - As set forth herein, common

5  questions of fact and law exist as to all class and subclass members and these common issues

6  predominate over any questions that affect only individual class members, making individual actions

7  impractical. The common illegal conduct/activity of DIAMOND PARKING at issue in this case relates

8  to mis-classification of exempt status, overdue and unpaid earned wages, overtime wages, minimum

9  wages, rest breaks and/or meal periods, statutory wages, late pay wages, and civil penalties associated

10  for all present and former employees of DIAMOND PARKING.

11        27.    **REPRESENTATION BY WAGE-EARNERS** - As set forth in detail herein, the named

12  Plaintiffs will fairly and adequately represent the class in that:

13        a.    There is no conflict between the named Plaintiffs' claims and those of other class and

14              subclass members.

15        b.    The named Plaintiffs have retained counsel who are skilled and experienced in wage and

16              hour cases and in class actions and who will vigorously prosecute this litigation.

17        c.    The named Plaintiffs' claims are typical of the claims of other class and subclass

18              members.

19        28.    **CERTIFICATION** - As set forth in detail herein, certification of WAGE-EARNERS'

20  claims as a class action pursuant to California Law relating to Class Action joinder (including but not

21  limited to Code of Civil Procedure section 382 and California Rules of Court, rule 3.760, et seq.) is

22  appropriate because common questions of law and fact predominate over questions affecting only

23  individual members.

24        a.    Common questions of law and fact include, but are not limited to:

25              A.    Whether WAGE-EARNERS are subject to the protection of California's wage

26                    and hour statutes?

27

28

---

**PLAINTIFFS' CLASS ACTION COMPLAINT**
-10-

B.    Whether WAGE-EARNERS are mis-classified as exempt employees under California law?

C.    Whether DIAMOND PARKING failed to pay WAGE-EARNERS for all hours worked?

D.    Whether DIAMOND PARKING allowed, suffered, permitted and/or required WAGE-EARNERS to perform work, for which it failed to pay all wages due?

E.    Whether DIAMOND PARKING paid WAGE-EARNERS at a rate that was less than the minimum wage rate for all hours worked?

F.    Whether DIAMOND PARKING failed to compensate WAGE-EARNERS at the applicable premium overtime rate of pay for all hours worked in excess of the statutory maximum hours per day and/or statutory maximum hours per week?

G.    Whether DIAMOND PARKING failed to provide WAGE-EARNERS rest breaks and/or meal periods as required by California law?

H.    Whether DIAMOND PARKING failed to timely pay WAGE-EARNERS all accrued wages after termination of employment when those wages were due?

I.    Whether DIAMOND PARKING is subject to all available remedies for its violations of California wage and hour laws?

J.    Whether DIAMOND PARKING failed to keep accurate records of WAGE-EARNERS' hours worked?

K.    Whether DIAMOND PARKING's conduct constitutes illegal and/or unfair competition pursuant to Unfair Competition Law?

L.    Whether DIAMOND PARKING converted the wages of WAGE-EARNERS?

M.    Whether DIAMOND PARKING used force, coercion, intimidation, and other unlawful means to deprive WAGE-EARNERS of their statutory rights for the prompt and accurate payment of wages?

b.    The forum is convenient to the parties, class members, and potential witnesses. The class is specifically identifiable to facilitate provisions of adequate notice, and there will be no

---

PLAINTIFFS' CLASS ACTION COMPLAINT
-11-

1    significant problems managing this case as a class action.

2    c.    A class action is superior to other available methods for the fair and efficient adjudication

3        of this controversy because this action is the best method to adjudicate these common

4        claims. Further the individual class members have minimal interest in controlling the

5        prosecution of separate actions, and the prosecution of individual actions is impractical.

6    29.    **TYPICALITY** - The claims of the named Plaintiff, ROBERT TERUEL, is typical of the

7 claims of the members of the wage and hour class in that:

8    a.    The named Plaintiff is a member of the class.

9    b.    The named Plaintiff's claims stem from the same practice and/or course of

10        conduct that forms the basis of the class claims.

11    c.    The named Plaintiff's claims are based upon the same legal and remedial theories

12        as those of the class and involve the same or similar factual circumstances.

13    d.    There is no antagonism between the interests of the named Plaintiff and absent

14        class members.

15    e.    The injuries which the named Plaintiff suffered are the same or similar to the

16        injuries which the class members have suffered.

17    30.    **SUPERIORITY** - A class action is superior to other available means for the fair and

18 efficient adjudication of this controversy since the individual joinder of all class members is impractical.

19 Class action treatment will permit a large number of similarly situated persons to prosecute their common

20 claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort

21 and expense that separate individual actions would engender. Individual litigation would overburden the

22 court system and present the potential for inconsistent and/or contradictory judgments. A class action

23 will also serve an important public purpose of enforcing California's wage-protection statutes and ensure

24 the full, prompt, and accurate payment of wages. Further, as the damages suffered by each individual

25 class member may be relatively small, the expense and burden of individual litigation would make it

26 difficult or impossible for individual members of the class to redress the wrongs alleged herein.

27

28

---

PLAINTIFFS' CLASS ACTION COMPLAINT
-12-

## VI.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL TIME WORKED

#### (Alleged against all DEFENDANTS)

31.     WAGE-EARNERS incorporate all of the allegations in this Complaint as though fully set forth herein.

32.     At all material times herein, DIAMOND PARKING had a policy and practice of mis-classifying WAGE-EARNERS as "exempt" from overtime requirements although their actual job duties fail to meet any "exempt" standard clearly established by California law.  DIAMOND PARKING's  policy and practice of not recording all time worked by WAGE-EARNERS systematically reduced the working hours for which WAGE-EARNERS were paid.  DIAMOND PARKING also failed to provide WAGE-EARNERS with accurate time records and earnings statements as required by Labor Code section 226 and applicable IWC wage orders.

33.     WAGE-EARNERS are informed and believe and thereon allege that all WAGE-EARNERS were affected by DIAMOND PARKING's policies and practices.

34.     WAGE-EARNERS have been required to bring this action to recover unpaid/lost wages, statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as authorized by California law.

35.     WAGE-EARNERS seek as damages, all unpaid wages in an amount to be determined, statutory wages and related sums, civil penalties, attorneys' fees and costs, liquidated damages, disbursements, and interest as provided by California law, including but not limited to Labor Code sections 203, 226, 558, 1194, 1194.2, 1197, 1197.1, and applicable IWC wage orders.  Additionally, DIAMOND PARKING's actions were oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of exemplary damages in an amount appropriate to punish and make an example of DIAMOND PARKING pursuant to Civil Code section 3294.

## VII.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### (As against all DEFENDANTS)

36.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though fully set forth herein.

37.    At all material times herein, DIAMOND PARKING had a policy and practice of mis-classifying WAGE-EARNERS as "exempt" from overtime requirements although their actual job duties fail to meet any "exempt" standard clearly established by California law.  During the course of WAGE-EARNERS' employment, DIAMOND PARKING allowed, suffered and permitted WAGE-EARNERS and overtime class members to work in excess of the statutory maximum hours per day and in excess of the statutory maximum hours per week.

38.    DIAMOND PARKING was required to pay WAGE-EARNERS premium overtime pay for all hours worked in excess of the statutory maximum hours per day and in excess of the statutory maximum hours per week, but failed to do so.

39.    DIAMOND PARKING's failure to pay WAGE-EARNERS for all hours worked in excess of the statutory maximum hours per day and in excess of the statutory maximum hours per week was willful, and there remain due and unpaid overtime wages.  DIAMOND PARKING also failed to provide WAGE-EARNERS with accurate time records and earnings statements as required by Labor Code section 226 and applicable IWC wage orders.

40.    WAGE-EARNERS seek to recover unpaid/lost wages, overtime wages, premium pay, statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as authorized by California law including, but not limited to, Labor Code sections 203, 218.6, 500, 510, 1194, and 1198, and applicable IWC Wage Orders.  Additionally, DIAMOND PARKING's actions were oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of exemplary damages in an amount appropriate to punish and make an example of DIAMOND PARKING pursuant to Civil Code section 3294.

# VIII.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (As against all DEFENDANTS)

41.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though fully set forth herein.

42.    At all material times herein, WAGE-EARNERS were employed by DIAMOND PARKING in the State of California.

43.    During the course of WAGE-EARNERS' employment, DIAMOND PARKING allowed, suffered and permitted WAGE-EARNERS to perform work for the benefit of DIAMOND PARKING without compensating WAGE-EARNERS for all hours worked.

44.    Pursuant to California law, including but not limited to, California Labor Code section 1197 and IWC Wage Orders, including but not limited to, 4-2001 and 7-2001, DIAMOND PARKING was required to pay WAGE-EARNERS at the then-prevailing State of California minimum wage rate for all hours worked.

45.    DIAMOND PARKING failed and refused to pay WAGE-EARNERS and minimum wage class members at the State of California minimum wage rates or any wage for all hours worked when those wages were due, and there remains due and owing minimum wages in an amount to be determined.  Specifically, and by way of illustration, DIAMOND PARKING fostered a work environment which required employees to work while not clocked in, commonly known as working "Off-The-Clock".  Additionally, DIAMOND PARKING failed to provide WAGE-EARNERS with accurate time records and earnings statements as required by Labor Code section 226 and applicable IWC wage orders.

46.    WAGE-EARNERS have been required to bring this action to recover minimum wages, unpaid/lost wages, statutory wages and related sums, civil penalties, attorneys' fees and costs, and interest as authorized by California law.

47.    As a result of DIAMOND PARKING's failure to pay WAGE-EARNERS at the minimum wage rate for all hours worked, when those wages were due, WAGE-EARNERS, pursuant to California law, including but not limited to California Labor Code sections 218.6, 1194, 1194.2, 1197, 1197.1 and IWC Wage Orders, are entitled to civil penalties, liquidated damages, interest, costs and attorneys' fees.

48.    WAGE-EARNERS seek all unpaid minimum wages in an amount to be determined, unpaid/lost wages, statutory wages and related sums, civil penalties, attorneys' fees and costs, liquidated damages, disbursements, and interest as provided by California law. Additionally, DIAMOND PARKING's actions were oppressive, fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and make an example of DIAMOND PARKING pursuant to Civil Code section 3294.

## IX.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

### (As against all DEFENDANTS)

49.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as though fully set forth herein.

50.    The California Labor Code and IWC Wage Orders provide for minimum employment conditions to be followed by all employers within the State of California. California law, including but not limited to, California Labor Code sections 226.7 and 516, and applicable IWC wage orders, require that employees receive a paid rest break of not less than ten (10) minutes for each period of four hours worked.

51.    At all material times herein, DIAMOND PARKING failed to provide WAGE-EARNERS uninterrupted rest periods of not less than ten (10) minutes as required, in violation of California law, including but not limited to, California Labor Code sections 226.7 and 516, and applicable IWC wage orders, and failed to pay WAGE-EARNERS for those rest periods not provided, plus statutory wages and related sums. DIAMOND PARKING mis-classified WAGE-

1   EARNERS and in doing so, required WAGE-EARNERS to work through their mandatory rest

2   periods. Additionally, DIAMOND PARKING failed to provide WAGE-EARNERS with accurate

3   time records and earnings statements as required by Labor Code section 226 and applicable IWC

4   wage orders.

5         52.    As a result of DIAMOND PARKING's failure to provide rest periods as required,

6   WAGE-EARNERS are entitled to recover wages for those rest periods that were not provided, plus

7   statutory wages and related sums.

8         53.    WAGE-EARNERS seek unpaid wages for DIAMOND PARKING's failure to provide

9   rest periods as required, statutory wages and related sums, civil penalties, plus attorneys' fees and

10  costs, interest, liquidated damages and disbursements pursuant to California law. Additionally,

11  DIAMOND PARKING's actions were oppressive, fraudulent and malicious, thereby entitling

12  WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and make an

13  example of O DIAMOND PARKING pursuant to Civil Code section 3294.

14                                           X.

15                            **FIFTH CAUSE OF ACTION**

16                       **FAILURE TO PROVIDE MEAL PERIODS**

17                            **(As against all DEFENDANTS)**

18        54.    WAGE-EARNERS incorporate all of the common allegations contained in this

19  Complaint as though fully set forth herein.

20        55.    The California Labor Code and IWC wage orders provide for minimum employment

21  conditions to be followed by all employers within the State of California. California law, including

22  but not limited to, California Labor Code sections 226.7, 512, and 516, and applicable IWC wage

23  orders, require that employees receive an uninterrupted meal period of not less than thirty (30)

24  minutes for each shift of five hours or more.

25        56.    At all material times herein, DIAMOND PARKING failed to provide WAGE-

26  EARNERS with uninterrupted meal periods of not less that thirty (30) minutes as required, and in

27  violation of California law, including but not limited to, California Labor Code sections 226.7, 512,

28

1 and 516, and applicable IWC wage orders, and failed to pay WAGE-EARNERS for those meal

2 periods not provided. DIAMOND PARKING mis-classified WAGE-EARNERS and in doing so,

3 required WAGE-EARNERS to work through their mandatory meal periods. Additionally,

4 DIAMOND PARKING failed to provide WAGE-EARNERS with accurate time records and earnings

5 statements as required by Labor Code section 226 and applicable IWC wage orders.

6      57.     As a result of DIAMOND PARKING's failure to provide meal periods as required,

7 WAGE-EARNERS are entitled to recover wages for those meal periods that were not provided, plus

8 statutory wages and related sums.

9      58.     WAGE-EARNERS seek unpaid wages for missed meal periods, statutory wages and

10 related sums, civil penalties, plus attorneys' fees and costs, interest, liquidated damages and

11 disbursements pursuant to California law, including but not limited to, California Labor Code

12 sections 218.5, 218.6, 226.7, 512, 516, 558, and applicable IWC wage orders. Additionally,

13 DIAMOND PARKING's actions were oppressive, fraudulent and malicious, thereby entitling

14 WAGE-EARNERS to an award of punitive damages in an amount appropriate to punish and make an

15 example of DIAMOND PARKING pursuant to Civil Code section 3294.

16 **XI.**

17 **SIXTH CAUSE OF ACTION**

18 **LATE PAYMENT OF ALL ACCRUED WAGES AND COMPENSATION**

19 **(As against all DEFENDANTS)**

20      59.     WAGE-EARNERS incorporate all of the allegations contained in this Complaint as

21 though fully set forth herein.

22      60.     California law requires that employers pay their employees all earned wages on a

23 timely basis, including when employees separate from employment. DIAMOND PARKING is

24 required by California Law, including but not limited to Labor Code sections 201, 202 and 208, to

25 deliver final paychecks for employees who separate from employment according to a strict,

26 mandatory time line. WAGE-EARNERS are informed and believe and thereon allege that

27 DIAMOND PARKING failed to deliver final paychecks to its employees in a timely manner as

28

---

PLAINTIFFS' CLASS ACTION COMPLAINT
-18-

1 | mandated by California law.  DIAMOND PARKING had a policy and practice which required its
2 | employees who separated from employment to wait until the "next payroll cycle" to receive his or her
3 | accrued wages.

4 |         61.     DIAMOND PARKING's failure to pay WAGE-EARNERS' and late pay class
5 | members' wages when due was willful, and continued for a period of time to be determined.

6 |         62.     Because of DIAMOND PARKING's willful failure to timely make payment of
7 | WAGE-EARNERS' and late pay class members' wages when due, WAGE-EARNERS and late pay
8 | class members are due late-pay wages for up to 30 days, in amounts to be determined at the time of
9 | trial.  WAGE-EARNERS are also entitled to recover statutory wages and related sums, civil
10 | penalties, plus attorneys' fees and costs, interest, liquidated damages and disbursements pursuant to
11 | California law.  Additionally, DIAMOND PARKING's actions were oppressive, fraudulent and
12 | malicious, thereby entitling WAGE-EARNERS to an award of punitive damages in an amount
13 | appropriate to punish and make an example of DIAMOND PARKING pursuant to Civil Code section
14 | 3294.

## XII.

### SEVENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES PURSUANT TO BUSINESS & PROFESSIONS CODE

### SECTION 17200, ET SEQ.

### (As against all DEFENDANTS)

20 |         63.     WAGE-EARNERS incorporate all of the allegations contained in this Complaint as
21 | though fully set forth herein.

22 |         64.     Within the applicable statutory period prior to the filing of this complaint, DIAMOND
23 | PARKING failed to comply with the Wage and Hour provisions of the State of California, as set forth
24 | herein.  DIAMOND PARKING's failure to comply with such wage/hour provisions of law created
25 | an illegal, unwarranted and unfair economic windfall to the improper benefit of DIAMOND
26 | PARKING.

65.    WAGE-EARNERS, individually, and on behalf of the general public, allege that at all relevant times DIAMOND PARKING's actions, including, but not limited to, its violations of California Law and the California Labor Code, as set forth herein, constitute a continuing and ongoing unfair and unlawful activity prohibited by Business & Professions Code section 17200, et seq., and justify the issuance of an order disgorging wrongfully withheld wages and other related sums by DIAMOND PARKING. The unlawful business practices of DIAMOND PARKING are likely to continue to mislead the public (that employees are being paid in accordance with the California Labor Code and not subjected to illegal policies and practices). The unlawful business practices of DIAMOND PARKING present a continuing threat to the public, and unfair business practice of avoiding wage obligations and expenses. These violations constitute a threat and unfair business policy. The Court is authorized to order an injunction, and/or disgorgement of fees to affected members of the public as a remedy for any violations of Business & Professions Code section 17200, et seq. WAGE-EARNERS allege that DIAMOND PARKING violated numerous California Labor Code statutes.

66.    DIAMOND PARKING has engaged in unfair business practices in California by utilizing the illegal employment practices outlined above, including, but not limited to, causing and permitting WAGE-EARNERS to work for the benefit of DIAMOND PARKING without proper compensation, WAGE-EARNERS were not properly paid for work time, and DIAMOND PARKING failed to provide WAGE-EARNERS mandatory rest breaks and meal periods, failed to pay all wages when due upon termination of employment and failed to compensate WAGE-EARNERS for other sums due for labor, fees and penalties according to California Law. DIAMOND PARKING also failed to provide WAGE-EARNERS with accurate time records and earnings statements as required by Labor Code section 226 and applicable IWC wage orders. DIAMOND PARKING's employment conduct constitutes an unfair business practice, unfair competition, and provides an unfair advantage over DIAMOND PARKING's competitors. WAGE-EARNERS seek full restitution and disgorgement of said monies from DIAMOND PARKING, as necessary and according to proof, to

1  restore any and all monies withheld, acquired, or converted by DIAMOND PARKING by means of

2  the unfair practices complained of herein.

3       67.    WAGE-EARNERS allege that the actions of DIAMOND PARKING, as alleged

4  herein, have caused, and continue to cause WAGE-EARNERS to suffer an injury in fact and lose

5  money and/or property as a result of such unfair competition.  WAGE-EARNERS further allege that

6  at all relevant times DIAMOND PARKING engaged in unlawful, deceptive and unfair business

7  practices prohibited by Business & Professions Code sections 17200, et seq., including those set forth

8  herein, thereby depriving WAGE-EARNERS and the public of the minimum working conditions and

9  standards due them under California Labor Laws and IWC Wage Orders.

10      68.    As a direct and proximate result of DIAMOND PARKING's conduct, as alleged

11  herein, DIAMOND PARKING has received and continues to receive WAGE-EARNERS' labor

12  without proper and adequate compensation as provided for by law, and has illegally retained accrued

13  wages, statutory wages, and other sums that rightfully belong to WAGE-EARNERS and other

14  members of the general public.

15                                        **XIII.**

16                             **EIGHTH CAUSE OF ACTION**

17          **CONVERSION OF ACCRUED WAGES AND COMPENSATION**

18                           **(As against all DEFENDANTS)**

19      69.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as

20  though fully set forth herein.

21      70.    At the time DIAMOND PARKING refused to pay the wages and expenses due to

22  WAGE-EARNERS as mandated by California law and/or as agreed, WAGE-EARNERS owned and

23  had the right to possess such withheld wages.  DIAMOND PARKING willfully and without legal

24  justification interfered with WAGE-EARNERS' right to own and possess their wages.  Instead,

25  DIAMOND PARKING converted such wages into profits for their own illegal benefit.  The exact

26  amount of those wages is capable of being made certain from a review of either the information of

27  WAGE-EARNERS, or from the records of DIAMOND PARKING.  However, DIAMOND

28

1  PARKING refused to provide the data when such information is obtainable pursuant to California

2  law requiring that employers maintain and provide employees with accurate time records and

3  earnings statements, including but not limited to Labor Code section 226, and applicable IWC wage

4  orders.

5       71.    In refusing to pay all wages to WAGE-EARNERS as promised and required by

6  California law, DIAMOND PARKING unlawfully and intentionally took and converted the property

7  of WAGE-EARNERS for its own use.  At the time the conversion took place WAGE-EARNERS

8  were entitled to immediate possession of the amounts of wages payable. This conversion was

9  oppressive, malicious and fraudulent.  This conversion was concealed by DIAMOND PARKING

10  from WAGE-EARNERS.

11       72.    The conduct of DIAMOND PARKING described in this Complaint was oppressive,

12  fraudulent and malicious, thereby entitling WAGE-EARNERS to an award of punitive damages in an

13  amount appropriate to punish and make an example of DIAMOND PARKING pursuant to Civil

14  Code section 3294.

15  **XIV.**

16  **NINTH CAUSE OF ACTION**

17  **VIOLATION OF CIVIL CODE SECTION 52.1**

18  **(As against all DEFENDANTS)**

19       73.    WAGE-EARNERS incorporate all of the allegations contained in this Complaint as

20  though fully set forth herein.

21       74.    The State of California secures various rights for WAGE-EARNERS, including but

22  not limited to minimum wages, overtime wages, rest breaks, pay for missed rest breaks, meal periods,

23  pay for missed meal periods, and the timely payment of all wages upon termination of employment as

24  set forth in the California Labor Code and IWC Wage Orders.

25       75.    WAGE-EARNERS allege that at all relevant times DIAMOND PARKING's actions

26  in violating California Labor Code sections 200, 201, 202, 203, 204, 208, 210, 216, 218.5, 218.6,

27  225.5, 226, 226.3, 226.7, 227.7, 2926, 512, 516, 1174, 1174.5, 1198, and applicable IWC wage

28

1     orders, constitute violations of the rights protected under Civil Code section 52.1 entitling WAGE-

2     EARNERS to statutory damages.

3           76.    WAGE-EARNERS allege that at all relevant times DIAMOND PARKING deprived

4     and continues to deprive WAGE-EARNERS of said statutory rights by failing to provide proper

5     minimum and overtime wages, rest breaks, meal periods, pay for missed rest breaks and meal periods,

6     and the timely payment of all wages upon termination of employment to WAGE-EARNERS.

7           77.    WAGE-EARNERS allege that at all relevant times DIAMOND PARKING used

8     intimidation to discourage WAGE-EARNERS from seeking the minimum wages, overtime wages,

9     rest breaks, meal periods, rest break pay, meal period pay, and timely payment of all wages upon

10    termination of employment that WAGE-EARNERS are entitled to by making WAGE-EARNERS

11    fear they will not obtain advancement in the company, or will lose their jobs, or they will receive a

12    bad recommendation for future employment if WAGE-EARNERS seek to enforce those rights,

13    wages, and other pay as provided by California law.

14          78.    Further, WAGE-EARNERS allege that at all relevant times DIAMOND PARKING

15    coerced WAGE-EARNERS to give up their entitled minimum wages, overtime wages, rest break pay,

16    meal period pay, and timely payment of all wages upon termination of employment when WAGE-

17    EARNERS sought recovery of those denied wages and related sums.  In order to receive any wages,

18    DIAMOND PARKING forced WAGE-EARNERS to accept a lower amount than that to which

19    WAGE-EARNERS would be entitled under California law.

20          79.    WAGE-EARNERS allege that DIAMOND PARKING's actions of force, fear,

21    intimidation and coercion deprived WAGE-EARNERS of rights secured by the laws of the State of

22    California.  As a direct and proximate result of DIAMOND PARKING's unlawful and predatory

23    practices, DIAMOND PARKING remains in possession of wages and other monies owed to WAGE-

24    EARNERS.

25          80.    Because of DIAMOND PARKING's conduct as alleged herein, WAGE-EARNERS

26    are entitled to recover all unpaid wages and related sums, minimum statutory damages, civil

27    penalties, plus attorneys' fees and costs, interest, liquidated damages and disbursements pursuant to

28

1  California law. Additionally, WAGE-EARNERS seek an injunction prohibiting DIAMOND

2  PARKING's unlawful and predatory practices.

3                                              XV.

4                                    **PRAYER FOR RELIEF**

5      **WHEREFORE**; WAGE-EARNERS, individually and on behalf of all those similarly

6  situated, and on behalf of the general public, pray for judgment against DIAMOND PARKING as

7  follows:

8      1.      For an Order certifying the proposed Class as a Class Action;

9      2.      For all unpaid wages, overtime wages, premium wages, minimum wages, and "Off-

10             the-Clock" wages in an amount to be determined at the time of trial;

11     3.      For all wages and other related sums converted and illegally retained by DIAMOND

12  PARKING ;

13     4.      For any and all profits, whether direct or indirect, DIAMOND PARKING acquired by

14  reason of its conversion;

15     5.      Pursuant to Business and Professions Code section 17203, that DIAMOND PARKING

16  be preliminarily and permanently enjoined from: A) not paying its employees all wages due; B) not

17  paying its employees minimum wages; C) not paying its employees for all time worked, including

18  Off-the-Clock work; D) requiring employees to work more than 8 hours per day and/or 40 hours per

19  week without receiving "overtime" and/or "premium" pay; E) requiring WAGE-EARNERS to work

20  without being provided mandated rest breaks and meal periods; and F) failing to tender all wages to

21  employees who terminated their employee with DIAMOND PARKING within the time proscribed by

22  law.

23     6.      Pursuant to Business and Professions Code section 17203 and the equitable powers of

24  this Court, that DIAMOND PARKING be ordered to restore to WAGE-EARNERS all funds acquired

25  by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute

26  unfair competition under Business and Professions Code section 17200 et seq.;

27

28
_____
                    PLAINTIFFS' CLASS ACTION COMPLAINT
                                   -24-

7.     For restitutionary disgorgement of wages and related sums, civil penalties, attorneys' fees and all other remedies available pursuant to Business & Professions Code section 17200, et seq.;

8.     For statutory penalty wages pursuant to California Labor Code sections, including but not limited to 203 and 510;

9.     For all civil penalties, liquidated damages, and related sums pursuant to California law, including but not limited to, California Labor Code sections 210, 225.5, 226, 226.3, 558, 1174.5 and 1197.1, and Civil Code section 52;

10.    For punitive and exemplary damages pursuant to Civil Code section 3294;

11.    For costs and disbursements, pre-judgment and post-judgment interest in the amount of 10% per annum, liquidated damages, and attorney fees pursuant to California Labor Code sections 218.5, 218.6, 1194, and 1194.2, and Civil Code section 52.1;

12.    For an injunction prohibiting DIAMOND PARKING's unlawful and predatory practices; and

13.    For such further or alternative relief in favor of WAGE-EARNERS and all class members as the Court deems appropriate.

DATED: May 1 , 2007                              **KRUTCIK & GEORGGIN**

                                                By: _____
                                                    A. Nicholas Georggin, Esq.
                                                    Carmine J. Pearl, II, Esq.
                                                    Attorneys for WAGE-EARNERS

DIAMOND PARKING SERVICE
JOB DESCRIPTION

| | |
|---|---|
| **JOB TITLE:** | **AREA SUPERVISOR** |
| **REPORTS TO:** | **Operations Manager/City Manager** |
| **FLSA Status:** | **Exempt** |

## SUMMARY:
Overall responsibility/accountability for daily operations of assigned stations and/or facilities.

## ESSENTIAL DUTIES AND RESPONSIBILITIES:
Include but are not limited to the following, as additional duties and responsibilities may be assigned.

- Maintain a courteous and professional relationship with all customers, vendors, subordinates, co-workers and managers. *"Treat others as you would want to be treated."*
- Hire, supervise, retain and/or terminate direct reports
- Professional development of direct reports, including customer service, operational procedures, time card completion, and on-the-job safety
- Accurately complete and submit associates' time cards timely, according to payroll guidelines, and resolve payroll inquiries/corrections
- Documentation of associate corrective actions, including progressive discipline, if applicable
- Conduct field audits to ensure revenue collection procedures
- Monitor locations for cleanliness, signing, safety and compliance of pertinent parking regulations to company standards
- Create, implement and maintain strategies for maximization of profitability of assigned location(s)
- Process accounts payables and receivables within established guidelines
- Manage expenses and cash flow, minimizing "loss" stations
- Nourish client/customer base by establishing and maintaining consistent communication with landlords and/or property managers, and actively market for growth
- Provide own transportation at own cost and expense, including, but not limited to fuel, maintenance, repairs and insurance
- Maintain a clean, neat, professional appearance at all times. While on the job, wear the designated uniform, if required, and display identification badge



<u>CERTIFICATE OF SERVICE BY MAIL</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On June 27, 2007, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

A. Nicholas Georggin, Esq.
Carmine J. Pearl, II, Esq.
Bailey Pinney Georggin & Krutcik LLP
26021 Acero
Mission Viejo, CA 92691

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on June 27, 2007, at Los Angeles, California.

☐    State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Avis Jackson | |
| Print Name | Signature |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899