JOHN P. LeCRONE (State Bar No. 115875)
  johnlecrone@dwt.com
CAMILO ECHAVARRIA (State Bar No. 192481)
  camiloechavarria@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
DIAMOND PARKING INC. and
DIAMOND PARKING SERVICES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT TERUEL, individually and on behalf of all those similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>DIAMOND PARKING INC., a Washington corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500, inclusive,<br><br>  Defendants. | Case No. C 07-03388 VRW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S WAGE/HOUR CLASS ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO TIMELY PAY WAGES;**<br>**(2) FAILURE TO PAY ALL OVERTIME WAGES;**<br>**(3) FAILURE TO PAY MINIMUM WAGES;**<br>**(4) FAILURE TO PROVIDE REST AND MEAL PERIODS;**<br>**(5) FAILURE TO REIMBURSE EXPENSES;**<br>**(6) STATUTORY WAGE VIOLATIONS (LATE PAYMENT OF WAGES);**<br>**(7) BREACH OF CONTRACT;**<br>**(8) UNFAIR WAGE/HOUR BUSINESS PRACTICES PURSUANT TO BUSINESS & PROFESSIONS CODE SECTION 17200 et seq.;**<br>**(9) CONVERSION OF WAGES; and**<br>**(10) VIOLATION OF CIVIL CODE** |

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  | ) § 52.1.                                                       |
| 2  | ) [*Labor Code* §§ 200, 201, 202, 203, 204, 208, 210, 216, 218.5, 218.6, |
| 3  | ) 225.5, 226, 226.3, 226.7(a)(b), 2926, 2927, 500, 510, 512, 516, |
| 4  | ) 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, IWC Wage |
| 5  | ) Order 4-2001, 7-2001 & 9-2001, *Bus. & Prof Code* § 17200, et seq., |
| 6  | ) *Clv. Code* §§ 52 & 52.1, *Code of Civ. Proc.* § 382, Cal. Rules of |
| 7  | ) Court, rule 3.760, et seq.]                                   |
| 8  | ) **JURY TRIAL DEMANDED**                                       |
| 9  | ) Assigned to:  Hon. Martin J. Jenkins                          |
| 10 | ) Action Filed:  May 21, 2007                                   |

Defendants Diamond Parking Inc. and Diamond Parking Services, LLC (collectively "Defendants") answer Plaintiffs' (also referred to as "WAGE-EARNERS") Complaint as follows:

## I.

## PRELIMINARY STATEMENT/SUMMARY OF ACTION

1. Defendants admit that the Complaint purports to allege the claims and recovery described in Paragraph 1, but deny that "DOES 1 through 500" have been named or served with the Complaint and also deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.  Defendants deny that either Diamond Parking Inc. or Diamond Parking Services, LLC employed any employees in California and aver that WAGE-EARNERS were employed by Diamond Paymaster LLC, a wholly-owned subsidiary of Diamond Parking Inc.  Defendants also deny that any employee has been misclassified as "exempt" from overtime requirements and/or was a non-exempt hourly employee during the applicable statutory period.

2. Defendants admit that they are engaged in the operation of automobile parking lots, garages, and valet and self parking facilities of motor vehicles.

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants deny that their corporate offices are located at 3161 Elliot Avenue, Seattle, Washington 89121 and aver that they are located at 605 First Avenue, Suite 600, Seattle, WA 98104.

3. Defendants deny the allegations in the first sentence of Paragraph 3. The remainder of Paragraph 3 pleads legal conclusions to which responsive pleading is not required. To the extent a response is required, Defendants deny that WAGE-EARNERS are entitled to any relief whatsoever under any legal theory. Defendants also deny that they failed to timely and properly reimburse WAGE-EARNERS for employment-related expenses.

## II.

## **PARTIES**

4. Defendants deny that Paragraph 4 pleads an appropriate class of plaintiffs.

5. Defendants admit that Robert Teruel worked for Diamond Paymaster LLC, a wholly-owned subsidiary of Diamond Parking Inc. Defendants lack sufficient information to confirm or deny Mr. Teruel or any other alleged WAGE EARNER'S past or present residence and, on that basis, deny the same. Defendants lack sufficient information to confirm or deny that the unidentified, un-served "DOES 1 through 500" ever employed the WAGE-EARNERS and, on that basis, deny the same.

6. Defendants admit the allegations in the first sentence of Paragraph 6. Defendants admit that they have operations in the San Francisco area, Riverside, Santa Ana, Long Beach, Pasadena and San Diego and deny that they have "facilities throughout the State of California."

7. Defendants admit that Diamond Parking Inc. and Diamond Parking Services, LLC are related entities and deny all remaining allegations in Paragraph 7.

8. Defendants admit the alleged actions in the first sentence of Paragraph 8 with respect to Mr. Teruel and deny the remaining allegations therein. Defendants

2

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

admit that the Complaint purports to establish a representative action and a class action, but deny that it is appropriate to certify any class in this lawsuit or that WAGE-EARNERS or others in the putative class are entitled to relief under any legal theory.

9. Defendants lack sufficient information to confirm or deny the extent of WAGE-EARNERS' knowledge or their present or future intentions and, on that basis, deny all of the allegations in Paragraph 9.

10. Defendants deny that Diamond Parking Inc. and Diamond Parking Services, LLC were "employers" under California law, aver that WAGE-EARNERS were employed by Diamond Paymaster LLC, a wholly-owned subsidiary of Diamond Parking Inc. and deny all remaining allegations in Paragraph 10, particularly those allegations that purport to relate to any un-named, un-served, "John Doe" defendant.

## III.
## JURISDICTION AND VENUE

11. Defendants admit that they are incorporated in the State of Washington and are authorized to do, and are doing, business in the State of California. Defendants admit that this lawsuit is properly filed in United States District Court, but deny that venue is proper or convenient in the Northern District of California. Defendants admit that it maintains an office in and transacts business within the County of Alameda. Defendants admit that WAGE-EARNERS were employed by Diamond Parking Inc. through its wholly-owned subsidiary, Diamond Paymaster, LLC.

12. Paragraph 12 pleads legal conclusions to which no responsive pleading is required. To the extent that it pleads facts, Defendants deny the allegations in Paragraph 12.

3

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## IV.

## **COMMON ALLEGATIONS**

13.   Defendants admit that the Complaint purports to allege claims that are described in the first sentence of Paragraph 13, but deny that WAGE-EARNERS are entitled to the relief sought.  Defendants admit that Diamond Paymaster, LLC employs parking lot attendants and managers and deny the other allegations in the second sentence of Paragraph 13.  Defendants admit that Robert Teruel was employed as an Area Supervisor by Diamond Paymaster, LLC, a wholly-owned subsidiary of Diamond Parking Inc., lack sufficient information to confirm or deny the remaining allegations in the third Sentence of Paragraph 13 and, on that basis, deny the same.  Defendants admit that an Area Supervisor's duties include the duties described in the fourth and fifth sentences of Paragraph 13, but aver that the collection of duties, and proportionate time spent on them, varies based on the particular exempt position and that Exhibit A is a job description only for the Area Supervisor position.  Defendants deny all remaining allegations in Paragraph 13.

14.   Defendants lack sufficient information at this point in time to confirm or deny the actual hours worked by each alleged WAGE-EARNER and, on that basis, deny that they worked in excess of eight hours per day and/or in excess of forty hours per week.  Defendants admit that they did not pay overtime compensation to those employees whom they classified as "exempt" from state overtime and premium pay requirements.  Defendants deny the remaining allegations in Paragraph 14 and deny that WAGE-EARNERS are mis-classified and entitled to any relief under any legal theory.

15.   Defendants admit that they did not pay overtime compensation to those employees who were classified as "exempt" from state overtime pay requirements. Defendants admit that its exempt employees did not engage in the activities described in sub-parts "6," "7," and "8" of Paragraph 15.  Defendants deny all remaining allegations in Paragraph 15.

4

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

16. Defendants deny that WAGE-EARNERS were entitled to premium pay or overtime pay and deny that they had any policy or practice of failing to pay premium pay or overtime pay when lawfully owed. Defendants deny all remaining allegations in Paragraph 16.

17. Defendants admit that they did not pay overtime or premium pay to those employees who were classified as exempt from the state overtime and premium pay requirements. Defendants deny all remaining allegations in Paragraph 17.

18. Defendants admit that they did not pay overtime or premium pay to those employees who were classified as exempt from the state overtime and premium pay requirements. Defendants deny that they owe any compensation to Plaintiffs. The remainder of Paragraph 18 pleads legal conclusions to which responsive pleading is not required. To the extent that the remainder of Paragraph 18 pleads facts, Defendants deny all of the remaining allegations therein.

19. Defendants deny the allegations in the first sentence of Paragraph 19 and deny that WAGE-EARNERS are entitled to any compensation or other relief under any legal theory. The remainder of Paragraph 19 pleads legal conclusions to which responsive pleading is not required. To the extent that the remainder of Paragraph 19 pleads facts, Defendants deny the allegations therein.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

## V.

## CLASS ACTION ALLEGATIONS

**(C.C.P. § 382, Cal. Rules of Court, rule 3.760, et seq.)**

22. Defendants deny that there is any legal basis for or that it is appropriate to certify any class in this lawsuit.

23. <u>MISCLASSIFICATION OF CLASS</u> – Defendants deny that an appropriate class of plaintiffs is described in Paragraph 23, deny that it is lawful or

5

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

appropriate to certify any class in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

   A. <u>OVERTIME SUBCLASS</u> – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 23(A), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

   B. <u>UNPAID WAGES SUBCLASS</u> – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 23(B), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

   C. <u>MINIMUM WAGE SUBCLASS</u> – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 23(C), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

   D. <u>UNPAID REST PERIOD SUBCLASS</u> – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 23(D) deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

   E. <u>UNPAID MEAL PERIOD SUBCLASS</u> – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 23(E) deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

6

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

      F.    <u>UNPAID/LATE EXPENSES SUBCLASS</u> – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 23(F), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

    24.    <u>LATE PAYMENT CLASS</u> – Defendants deny that an appropriate subclass of plaintiffs is described in Paragraph 23(G), deny that it is lawful or appropriate to certify any subclass in this lawsuit, deny the factual allegations therein, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

    25.    <u>NUMEROSITY</u> – Defendants deny that the total number of WAGE-EARNERS over the statutory period will exceed any minimum numerosity requirement. The remaining allegations plead legal conclusions to which responsive pleading is not required. To the extent that Paragraph 25 pleads facts, Defendants deny all of the allegations therein.

    26.    <u>COMMON QUESTIONS OF LAW AND FACT</u> – Paragraph 26 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 26 pleads facts, Defendants admit that there may be some common questions of law and/or fact, but deny that such common issues predominate over individual ones, deny that individual actions would be impractical, deny that there is any common illegal activity, and deny that WAGE-EARNERS are entitled to any relief under any legal theory.

    27.    <u>REPRESENTATION BY WAGE-EARNERS</u> – Defendants deny the allegations in Paragraph 27.

      A.    Defendants deny the allegations in Paragraph 27(A).

      B.    Defendants lack sufficient information to confirm or deny the allegations in Paragraph 27(B) and, on that basis, deny the same.

      C.    Defendants deny the allegations in Paragraph 27(C).

7

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

28. <u>CERTIFICATION</u> – Paragraph 28 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 28 pleads facts, Defendants deny that certification of any class or subclass is appropriate in this action.

    A.    Paragraph 28(A) *and all of its 13 subparts*, plead legal conclusions to which responsive pleading is not required. To the extent that Paragraph 28(A) and all of its 13 subparts plead facts, Defendants admit that there may be some common questions of law or fact, but deny that they predominate over individual ones.

    B.    Defendants deny all of the allegations in Paragraph 28(B).

    C.    Defendants deny all of the allegations in Paragraph 28(C).

29. <u>TYPICALITY</u> – Paragraph 29 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 29 pleads facts, Defendants deny that the named Plaintiffs' claims are typical of the claims of other putative class members.

    A.    Defendants admit the allegations in Paragraph 29(A).

    B.    Defendants deny the allegations in Paragraph 29(B) and deny that any of Defendants' practices and/or course of conduct form the basis of any claim for a legal violation.

    C.    Defendants deny the allegations in Paragraph 29(C).

    D.    Defendants deny the allegations in Paragraph 29(D).

    E.    Defendants deny that the named plaintiff, or any purported class members, has suffered injuries, let alone that there is similarity among them.

30. <u>SUPERIORITY</u> – Paragraph 30 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 30 pleads facts, Defendants deny all of the allegations therein.

8

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## VI.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY WAGES FOR ALL TIME WORKED

### (Alleged against all DEFENDANTS)

31. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

32. Defendants deny all of the allegations in Paragraph 32.

33. Defendants deny all of the allegations in Paragraph 33.

34. Defendants deny all of the allegations in Paragraph 34.

35. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## VII.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

### (As against all DEFENDANTS)

36. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

37. Defendants deny all of the allegations in Paragraph 37.

38. Paragraph 38 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 38 pleads facts, Defendants deny all of the allegations therein.

39. Paragraph 39 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 39 pleads facts, Defendants deny all of the allegations therein.

40. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

9

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## VIII.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

**(As against all DEFENDANTS)**

41. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

42. Defendants deny that Robert Teruel was employed by Defendants, aver that he was employed by Diamond Paymaster, LLC, a wholly-owned subsidiary of Diamond Parking Inc., and deny the remaining allegations in Paragraph 42.

43. Defendants deny all of the allegations in Paragraph 43.

44. Paragraph 44 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 44 pleads facts, Defendants deny all of the allegations therein.

45. Defendants deny all of the allegations in Paragraph 45.

46. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

47. Paragraph 47 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 47 pleads facts, Defendants deny all of the allegations therein and deny that Plaintiffs are entitled to any relief under any legal theory.

48. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## IX.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE REST BREAKS

**(As against all DEFENDANTS)**

49. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    50.    Paragraph 50 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 50 pleads facts, Defendants deny all of the allegations therein.

51.    Paragraph 51 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 51 pleads facts, Defendants deny all of the allegations therein.

52.    Paragraph 52 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 52 pleads facts, Defendants deny all of the allegations therein. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

53.    Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## X.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (As against all DEFENDANTS)

54.    Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

55.    Paragraph 55 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 55 pleads facts, Defendants deny all of the allegations therein.

56.    Paragraph 56 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 56 pleads facts, Defendants deny all of the allegations therein.

57.    Paragraph 57 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 57 pleads facts, Defendants deny all of the allegations therein. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

11

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

58. Paragraph 58 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 58 pleads facts, Defendants deny all of the allegations therein. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## XI.
## SIXTH CAUSE OF ACTION
## LATE PAYMENT OF ALL ACCRUED WAGES AND COMPENSATION
### (As against all DEFENDANTS)

59. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

60. Paragraph 60 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 60 pleads facts, Defendants deny all of the allegations therein.

61. Defendants deny all of the allegations in Paragraph 61.

62. Paragraph 62 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 62 pleads facts, Defendants deny all of the allegations therein. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## XII.
## SEVENTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES PURSUANT TO BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.
### (As against all DEFENDANTS)

63. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

64. Defendants deny all of the allegations in Paragraph 64.

12

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

65. Paragraph 65 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 65 pleads facts, Defendants deny all of the allegations therein.

66. Defendants deny all of the allegations in Paragraph 66. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

67. Defendants deny all of the allegations in Paragraph 67.

68. Paragraph 68 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 68 pleads facts, Defendants deny all of the allegations therein.

## XIII.

## EIGHTH CAUSE OF ACTION

## CONVERSION OF ACCRUED WAGS AND COMPENSATION

### (As against all DEFENDANTS)

69. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

70. Paragraph 70 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 70 pleads facts, Defendants deny all of the allegations therein.

71. Paragraph 71 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 71 pleads facts, Defendants deny all of the allegations therein.

72. Defendants deny all of the allegations in Paragraph 72. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

13

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## XIV.

## NINTH CAUSE OF ACTION

## VIOLATION OF CIVIL CODE SECTION 52.1

### (As against all DEFENDANTS)

73. Defendants incorporate all of the responses set forth previously in the Answer as though fully set forth herein.

74. Paragraph 74 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 74 pleads facts, Defendants deny all of the allegations therein.

75. Paragraph 75 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 75 pleads facts, Defendants deny all of the allegations therein.

76. Defendants deny all of the allegations in Paragraph 76.

77. Defendants deny all of the allegations in Paragraph 77.

78. Defendants deny all of the allegations in Paragraph 78.

79. Defendants deny all of the allegations in Paragraph 79.

80. Paragraph 80 pleads legal conclusions to which responsive pleading is not required. To the extent that Paragraph 80 pleads facts, Defendants deny all of the allegations therein. Defendants deny that Plaintiffs are entitled to any relief whatsoever under any legal theory.

## XV.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any monetary, equitable, injunctive or other relief whatsoever under any legal theory.

## XVI.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

1. **Failure to State Cause of Action**. The Complaint, and each cause of action purported to be alleged against Defendants therein, fails to state facts

14

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

sufficient to constitute a cause of action or to state a claim upon which relief may be granted against Defendants.

2. **Failure to Mitigate**. While Defendants deny that Plaintiffs have been damaged in any way, if it should be determined that Plaintiffs have suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiffs have failed to take reasonable action to mitigate or minimize their alleged damages.

3. **Legitimate Actions**. All actions taken by Defendants with respect to Plaintiffs, at all times relevant to this action, were taken in good faith for legitimate reasons, and Defendants had reasonable grounds to believe that their actions did not violate any provisions of the California Labor Code and the California Business and Professions Code.

4. **Statute of Limitations**. Plaintiffs' Complaint, and each and every cause of action purported to be alleged therein, is barred by the applicable statute of limitations, including, but not limited to, those limitations set forth in Business & Professions Code section 17208, Code of Civil Procedure sections 338 and 340, and the three-year statute of limitations applicable to claims for unpaid wages under the California Labor Code.

5. **Waiver**. The Complaint, and each purported cause of action set forth therein, is barred in that Plaintiffs have, by reason of their conduct and actions, waived any right to assert the claims set forth therein, that they otherwise might have against Defendants.

6. **Estoppel**. Plaintiffs are, by reason of their conduct, estopped from asserting any and all causes of action that they otherwise might have against Defendants.

7. **Unclean Hands**. Plaintiffs have unclean hands with respect to the matters alleged in the Complaint and, on that basis, are barred from recovering any relief on the Complaint.

15

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

8. **Laches**. The Complaint is barred by the doctrine of laches.

9. **No Proximate Causation**. Any acts or omissions to act by Defendants were not the proximate cause of any injuries or damages allegedly suffered by Plaintiffs.

10. **Fault of Plaintiff**. If any Plaintiff sustained any damage, which Defendants deny, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiffs, or Plaintiffs otherwise were at fault. Plaintiffs are therefore not entitled to any relief under the Complaint or under any cause of action purported to be alleged against Defendants therein, or Plaintiffs' recovery, if any, should thereby be reduced in proportion to their fault.

11. **No Unlawful Failure to Compensate**. The alleged failure of Defendants to compensate any Plaintiff for overtime, meal breaks and rest periods was not unlawful within the meaning of the California Business and Professions Code.

12. **No Unfair Failure to Compensate**. The alleged failure of Defendants to compensate any Plaintiff for overtime, meal breaks and rest periods was not unfair within the meaning of the California Business and Professions Code.

13. **No Fraudulent Failure to Compensate**. The alleged failure of Defendants to compensate any Plaintiff for overtime, meal breaks and rest periods was not fraudulent within the meaning of the California Business and Professions Code.

14. **No Injunctive Relief**. Plaintiffs' causes of action, and each of them, and their injunctive relief and restitution remedies, are barred in light of the fact that Plaintiffs have an adequate remedy at law.

15. **Not Proper Class Representatives**. Plaintiffs lack standing to serve as class representatives or to bring the representative action under the Business and Professions Code as alleged in the Complaint.

16

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

16. **Joinder Not Impracticable**. This action is not properly maintainable as a class action because the alleged class is not so numerous that joinder of all purported members is impracticable.

17. **Questions Not Common**. This action is not properly maintainable as a class action because the questions of fact and law are not common to the purported members of the alleged class.

18. **Claims Not Similar**. This action is not properly maintainable as a class action because Plaintiffs' claims are not similar to those of the other purported members of the alleged class, and will require an individual analysis of each potential claim.

19. **Class Action Not Superior**. This action is not properly maintainable as a class action because a class action lawsuit is not superior to other available methods for the fair and efficient adjudication of the controversy.

20. **Violation of Due Process of Law**. Allowing Plaintiffs to pursue a representative action under the California Business and Professions Code violates Defendants' rights to due process of law, inasmuch as it creates a potential for multiple suits and duplicative liability.

21. **No Private Right to Recover Statutory Penalties**. Plaintiffs do not have a private right of action to recover statutory penalties under Labor Code section 226.7.

22. **No Right to Recover Attorneys' Fees**. Plaintiffs do not have a right to recover attorneys' fees or interest on their claims for statutory penalties under Labor Code section 226.7.

23. **No Punitive Damages**. Plaintiffs are not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken, because:

   A. Plaintiffs have failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice. Cal. Civ. Code § 3294(a);

17
ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

B. Plaintiffs have failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Plaintiffs or that Defendants were motivated by evil motive or intent;

C. Neither Defendants nor any of its or their officers, directors, or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act or employed any such employee or employees with a conscious disregard of the rights or safety of others. Cal. Civ. Code § 3294(b); and

D. California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of an award of punitive damages, and California's laws, rules and procedures regarding punitive damages, as applied to the facts of this case, would violate Defendants' rights under the constitution of the United States and the State of California, including, but not limited to Defendants' rights to procedural and substantive due process as provided in the Fifth and Fourteenth Amendments, and protection from excessive fines as provided in the Eighth Amendment.

24. **Venue Improper and Inconvenient Forum**. Venue in the Northern District of California is improper and is also an inconvenient forum for the parties and witnesses.

25. **Time Not Compensable**. Some or all of the alleged work activities described in Plaintiffs' Complaint are not compensable and/or are excluded from measured working time.

26. **Cumulative Claims or Remedies**. Plaintiffs' alleged claims and remedies must be denied in whole or in part because they are duplicative and cumulative.

27. **De Minimis**. Plaintiffs' claims are barred under the de minimis doctrine.

18
ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

28. **Exempt from Overtime Wage Provisions**. Plaintiff's Complaint, and each cause of action therein, is barred by Section 13(b)(1) of the Fair Labor Standards Act, 29 U.S.C. § 213(b)(1), 29 C.F.R. § 782, *et seq.*, 49 C.F.R. §§ 395.1-395.13, and Title 13 of the California Code of Regulations § 1200, *et seq.*, which specifically exempt Plaintiff from the overtime wage provisions of California law.

29. **No Employment Contract**. No contract existed between the parties: Plaintiffs were "at-will" employees.

## XVII.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE; having fully answered the Complaint, Defendants pray as follows:

A. That the Complaint be dismissed with prejudice;

B. That class certification be denied;

C. That Defendants be awarded their costs and attorneys' fees; and

D. For such other and further relief that the Court deems just and equitable.


DATED: July 3, 2007

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
CAMILO ECHAVARRIA


By:_____/s/ *John P. LeCrone*_____
            John P. LeCrone

Attorneys for Defendants
DIAMOND PARKING INC. and
DIAMOND PARKING SERVICES, LLC

19

ANSWER TO COMPLAINT
CASE NO. C 07-03388 MJJ
LAX 437461v2 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899