JOHN P. LeCRONE (State Bar No. 115875)
    johnlecrone@dwt.com
BRUCE G. MCCARTHY (State Bar No. 224804)
    brucemccarthy@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
DIAMOND PARKING, INC. and
DIAMOND PARKING SERVICES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT TERUEL, individually and on behalf of all those similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>DIAMOND PARKING INC., a Washington corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500, inclusive,<br><br>          Defendants. | Case No. **C 07-03388 MJJ**<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT 28 U.S.C. 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATIONS OF JAN SUMNER AND JOHN P. LECRONE WITH EXHIBIT, IN SUPPORT THEREOF**<br><br>Date:          September 18, 2007<br>Time:         9:30 a.m.<br>Courtroom:  11, 19th Floor<br><br>Assigned to the Hon. Martin J. Jenkins<br><br>Action Filed:  May 21, 2007 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN THAT on September 18, 2007, at 9:30 a.m. or as soon thereafter as the matter may be heard, before the Hon. Martin J. Jenkins of the above-captioned Court, located at 450 Golden Gate Ave., San Francisco, California 94102, defendants Diamond Parking Inc. and Diamond Parking Services, LLC (collectively, "Defendants" or "Diamond Parking") will and hereby do move this Court for entry of an order transferring the venue of this action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

This motion is made on the grounds that the convenience of the parties and witnesses and the interest of justice would better be served by changing venue of this action to the Central District of California – where the named Plaintiff worked and is located, the vast majority of the putative class members worked and are located, most of Diamond Parking's California business is transacted, nearly all (if not all) of the witnesses and other evidence are located, and where Diamond Parking maintains its local California residence. This action could have been brought in the Central District, and should have been filed there.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Declarations of Jan Sumner, and John P. LeCrone, with Exhibit A, all other pleadings and papers on file in this action, and upon such other oral and/or documentary matters as may be presented to the Court at or before the hearing of this Motion.

DATED: July 27, 2007                    DAVIS WRIGHT TREMAINE LLP
                                        John P. LeCrone
                                        Bruce G. McCarthy


                                        By:_____/s/ John P. LeCrone_____
                                                    John P. LeCrone

                                        Attorneys for Defendants
                                        DIAMOND PARKING, INC. and DIAMOND
                                        PARKING SERVICES, LLC

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................ 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ..................................... 1

    A.   The Complaint And Procedural Background ........................................ 1

    B.   Plaintiff's Strong Roots In The Central District ................................... 2

    C.   Defendants' Strong Ties to the Central District ................................... 3

III. LEGAL ARGUMENT ....................................................................................... 4

THE COURT SHOULD ORDER A TRANSFER OF VENUE TO THE CENTRAL
DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(A) ........................... 4

    A.   This Action "Might Have Been Brought" In The Central District Of
California .................................................................................................. 4

    B.   This Action Should Be Transferred To The Central District Of California
"For The Convenience Of The Parties And Witnesses, And In The Interest
Of Justice." .............................................................................................. 5

        1.   This Case Should Be Transferred For The Convenience Of
The Witnesses. .......................................................................... 6

        2.   The Availability Of Compulsory Process For Third Party
Witnesses Also Weighs In Favor Of Transfer To The
Central District. ........................................................................ 7

        3.   Transfer To The Central District Will Also Serve The
Convenience Of The Parties ................................................... 8

        4.   The Increased Cost Of Litigation In California And Ease Of
Access To Sources Of Proof In The Central District Favor
Transfer To The Central District Of California. .................. 9

        5.   The "Interests Of Justice" Are Also Served Because The
Southern District Is Less Congested Than The Northern
District. ...................................................................................... 9

        6.   Plaintiff's Choice Of Forum Should Be Given Little Weight. ............... 10

        7.   The Short Pendency Of The Matter And The Fact That
Discovery Has Not Begun Also Favor Transfer. ................ 10

IV.  CONCLUSION ................................................................................................ 11

i

# TABLE OF AUTHORITIES

Page

**<u>Cases</u>**

*A.J. Indus, Inc. v. U.S. Dist. Ct.*,
  503 F.2d 384 (9th Cir. 1974) ................................................................6

*Adam v. Saenger*,
  303 U.S. 59 (1938) ..............................................................................5

*Brandon Apparel Group v. Quitman Mfg.*,
  42 F. Supp. 2d 821 (N.D. Ill. 1999) ....................................................5

*Calagaz v. Calhoon*,
  309 F.2d 248 (1962) ............................................................................8

*Coffey v. Van Dorn Iron Works*,
  796 F.2d 217 (7th Cir. 1986) ...............................................................9

*Decker Coal Co. v. Commonwealth Edison Co.*,
  805 F.2d 834 (9th Cir. 1986) ............................................................6, 9

*Fodor v. Burgles*,
  1994 WL 822477 (C.D. Cal. December 27, 1994) ...........................7, 10

*Geo. F. Martin Co. v. Royal Ins. Co. of America*,
  2004 WL 1125048 (N.D. Cal. May 14, 2004) .......................................7

*Gulf Oil*,
  330 U.S. at 508-09, 67 ......................................................................7, 9

*Hatch v. Reliance Ins. Co.*,
  758 F. 2d 409 (9th Cir. 1985) ...............................................................4

*Hoffman v. Blaski*,
  363 U.S. 335 (1960) .............................................................................4

*International Shoe Co. v. Wash.*,
  326 U.S. 310 (1945) .............................................................................5

*Jarvis v. Marietta Corp.*,
  1999 WL 638231 (N.D.Cal.,1999).........................................................8

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000).............................................................6, 9

*Moore v. Telfon Communications Corp.*,
  589 F.2d 959 (1978) ...........................................................................10

*Pacific Car & Foundry Co. v. Pence*,
  403 F.2d 949 (9th Cir. 1968)..............................................................10

*Solomon v. Continental Am. Life Ins.*,
  472 F.2d 1043 (3d Cir. 1973) ........................................................6, 7, 9

*Stewart v. Ricoh Corp.*,
  487 U.S. 22 (1988) ..........................................................................5, 10

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ...........................................................................5, 6

*Williams v. Bowman*,
  157 F.Supp.2d 1103 (N.D.Cal.2001) ..................................................10

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Statutes**

28 U.S.C. § 1332 ................................................................................................5

28 U.S.C. § 1391(a)(1) .......................................................................................4

28 U.S.C. § 1391(a)(2) .......................................................................................4

28 U.S.C. § 1404(a) ..............................................................................4, 5, 6, 9, 11

28 U.S.C. § 1446(a) ............................................................................................2

**Rules**

Federal Rule of Civil Procedure 26(f) ...............................................................11

Federal Rule of Civil Procedure 45(b)(2) ...........................................................7

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) ...............................................7

**Regulations**

15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*
    § 3851 (2d ed. 2007) ....................................................................................6

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Robert Teruel initiated this wage-and-hour class action in Northern California, when by all measures, it should have been brought in Southern California.  Teruel, the putative class representative, worked as a supervisor in Diamond Parking's Long Beach location and lived in Orange County.  As a result, his employment related claims against Defendant are rooted in Southern California.  Similarly, over 90% of the putative class members (current and former employees) work or worked in Diamond Parking's Southern California locations.  Therefore, the vast majority of the class' claims are also tied to Southern California.

Defendants Diamond Parking Inc. and Diamond Parking Services, LLC (collectively, "Defendants" or "Diamond Parking") conduct most all of their California business in Southern California and maintain their principal local residence in Orange County.  The percipient witnesses in this action will be mainly Diamond Parking's current and former employees and nearly all – if not all – of the party and non-party witnesses are located in Southern California.

In stark contrast, Northern California has virtually no connection to this action.  The named Plaintiff does not reside Northern California, only a handful of potential class members work out of Diamond Parking's limited Northern California locations.  Indeed Northern California represents a small fraction of Diamond Parking's overall California business.  Thus, for the convenience of the witnesses and the parties and in the interests of justice, this Court should transfer venue to the Central District of California where all of the parties and virtually all of the witnesses reside.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Complaint And Procedural Background

Plaintiff Robert Teruel asserts, on his own behalf and on behalf of a putative class, a myriad of claims arising out of his employment with Defendants.  Among other claims, Plaintiff alleges that he and the putative class were misclassified as exempt from overtime under California law, that he and the putative class were not paid overtime and other wages as provided by law, and he and the putative class were denied meal and rest periods and required to work "off the

clock" without being paid.  Plaintiff further alleges that Defendants failed to pay overtime and other wages as required by law and did not reimburse his business-related expenses.  (*See generally,* Complaint.)

For reasons unknown, Teruel commenced this action against Defendants in the Alameda Superior Court which has no colorable nexus to the claims in the Complaint.  On June 28, 2007, Diamond Parking timely removed the state action to the Northern District of California. (Declaration of John P. LeCrone ("LeCrone Decl."), ¶ 2.)  The removal statute required Diamond Parking to remove the action to the judicial district where the state court proceedings are pending. 28 U.S.C. § 1446(a).  By this motion, Diamond Parking now requests that this Court issue an order transferring this case to the Central District of California.

## B.    Plaintiff's Strong Roots In The Central District

While employed at Diamond Parking, Teruel worked at its Long Beach location. (Declaration of Jan Sumner ("Sumner Decl."), ¶ 2.)  In addition, according to Diamond Parking's personnel files and payroll records, Teruel resides at 14300 Clinton St., Space 35, Garden Grove, Orange County, California.  (*Id.*)

Moreover, the putative current and former employee class members share a similar connection to Southern California.[1]  As shown in the charts below, as of June 30, 2007, the vast majority (81%) of the current California salaried employees are located in Southern California. (Sumner Decl., ¶ 3.)  Indeed, nine out of ten of *all* California employees are located in Southern California.  (Sumner Decl., ¶ 4.)  Likewise, over the time period from January 1, 2003 to June 30, 2007, almost all (91%) of the salaried California employees worked out of the Southern California locations.  (Sumner Decl., ¶ 5.)[2]  And, all of their payroll and personnel records are maintained in

---

[1] The Complaint asserts two putative classes.  The "Mis-Classified Class" consists of "all salaried wage earners (therein defined as "Plaintiffs") who worked for Diamond Parking as managers, or the functional equivalent, in the State of California, within the applicable statutory period prior to filing of this complaint."  (Complaint ¶ 23.)  The "Late-Payment Class" is "all wage-earners formerly employed by Diamond Parking in the State of California, within the applicable statutory period prior to filing this complaint, who did not timely receive all wages upon termination of their employment as required by California Law."  (Complaint ¶ 24.)

[2] Conversely, Northern California has but a few salaried employees – none of whom are currently named in the action.  (Sumner Decl., ¶ 6.)

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

2

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Southern California. (Sumner Decl., ¶ 4 .) Under any reasonable standard, Teruel and the putative class have strong ties to Southern California.

### Location Of Current Diamond Parking Employees As Of June 30, 2007

|  | Southern California | Northern California |
|---|---|---|
| **Salaried** | 81% | 19% |
| **Hourly** | 91% | 9% |
| **Total** | 89% | 11% |

### Location Of Diamond Parking Employees From January 1, 2003 To June 30, 2007

|  | Southern California | Northern California |
|---|---|---|
| **Salaried** | 91% | 9% |
| **Hourly** | 91% | 9% |
| **Total** | 91% | 9% |

## C.    Defendants' Strong Ties to the Central District

Not only do Plaintiff and the putative class have strong ties to Southern California, the vast majority of Diamond Parking's California business is located there. In addition to having nearly all of its California employees in Southern California (Sumner Decl., ¶ 4), substantially all of its California revenues are generated from Southern California. (Sumner Decl., ¶ 7.) For example, for 2006, Southern California represented 96% of the revenues generated from California. (Sumner Decl., ¶ 7.)

As of May 31, 2007, Southern California accounted for 85% of the 132 parking locations in California. (Sumner Decl., ¶ 8.) Similarly, about 85% of the 10,076 California parking stalls are located in Southern California. (*Id.*)[3] Moreover, Diamond Parking's principal California address as listed in the Secretary of State records is 17221 East 17th Street, Suite D, Santa Ana,

---

[3] In contrast, only a few employees are located in Northern California and Northern California represents a very small fraction of its California revenues. (Sumner Decl., ¶¶ 9, 10.)

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

California. (Sumner Decl., ¶ 11.)  In sum the vast majority of Diamond Parking's operations (including its employees) are located in the Central District.

### III.   LEGAL ARGUMENT THE COURT SHOULD ORDER A TRANSFER OF VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)

The standards for discretionary transfer are well established and support transfer of this case to the Central District.  Title 28 U.S.C. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought."  Section 1404(a) "requires two findings – that the district court is one where the action 'might have been brought' and that the convenience of the parties and witnesses in the interest of justice favor transfer."  *Hatch v. Reliance Ins. Co.*, 758 F. 2d 409, 414 (9th Cir. 1985) (internal quotations omitted).  A transfer is appropriate in this case, because the action might have been brought in the Central District of California and because a transfer is necessary for the convenience of the witnesses and parties and is in the interest of justice.

### A.      This Action "Might Have Been Brought" In The Central District Of California

To show that an action "might have been brought" in the transferee court for purposes of section 1404(a), a defendant must show that (1) venue is proper in the proposed transferee court, (2) the transferee court has subject matter jurisdiction, and (3) the transferee court has personal jurisdiction over the defendant.  *Hoffman v. Blaski*, 363 U.S. 335, 341-44 (1960).  Because all three requirements are met here, this action might have, and indeed should have, been brought in the Central District of California.

*First*, under 28 U.S.C. § 1391(a)(1), venue is proper in the Central District of California because Diamond Parking resides there.  (Sumner Decl., ¶ 11.)  For the purposes of venue, its principal local address is in Santa Ana, California.  (*Id.*)  In this case, venue is also proper under 28 U.S.C. § 1391(a)(2), because all of the material events (at least as to the named Plaintiff) giving rise to the lawsuit arose in the Central District, where Teruel resides and worked, and where all of the allegations – the veracity of which Diamond Parking disputes – took place.  (*See generally,* Complaint; Sumner Decl., ¶ 2.)  Indeed, should this case become certified as a class

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

action, Southern California is also the work location of the vast majority of potential class members (Sumner Decl., ¶¶ 3, 4), and therefore where substantially all of the material events allegedly occurred.

*Second*, pursuant to 28 U.S.C. § 1332, and as set forth in Defendants' June 28, 2007 Notice of Removal filed in this District, the requirements of diversity jurisdiction have been met. The Central District, like the Northern District, thus has subject matter jurisdiction over this civil action.

*Third*, the federal courts in the Central District Court have personal jurisdiction over Diamond Parking and Plaintiffs. Diamond Parking operates parking lots in locations throughout the Central District and admittedly has contacts there sufficient to allow that District Court to exercise personal jurisdiction over it. *International Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Teruel and the putative class members are all located in California, were employed in California, and have submitted themselves to the jurisdiction of the State of California by filing this action in California. *Adam v. Saenger*, 303 U.S. 59, 67-68 (1938). Thus, all of the factual indicia sufficient for an action to be brought in the Central District are present in this case.

Because this action might have been brought in the Central District Court, the only remaining issue is whether the convenience of the parties and witnesses and the interest of justice favor transfer. *Brandon Apparel Group v. Quitman Mfg.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999). As set forth below, these interests strongly support transfer.

**B.    This Action Should Be Transferred To The Central District Of California "For The Convenience Of The Parties And Witnesses, And In The Interest Of Justice."**

The purpose of 28 U.S.C. § 1404(a) is "to prevent the waste of time, energy, and money and to protect the litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). Under section 1404(a), a court has discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart v. Ricoh Corp.*, 487 U.S. 22, 23 (1988). The statute articulates the court's discretion in terms of three factors: the

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

convenience of the witnesses, the convenience of the parties, and the interest of justice.  28 U.S.C. § 1404(a).

In evaluating these factors, courts consider the relative public and private interests in transfer.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Thus, a court may consider the availability of the compulsory process to compel attendance of unwilling nonparty witnesses, the differences in costs of litigation in the two forums, the ease of access to sources of proof, the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the plaintiff's choice of forum, the location where the relevant agreements were negotiated and executed, and the state that is most familiar with the governing law.  *Id.* at 498-99.

Other factors that should be considered include judicial economy, the expedient administration of justice, and the relative congestion of the courts.  *See e.g. Van Dusen v. Barrack*, 376 U.S. 612 (1964); *A.J. Indus, Inc. v. U.S. Dist. Ct.*, 503 F.2d 384, 389 (9th Cir. 1974); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  In considering the convenience of the witnesses and the parties and the interests of justice, all relevant factors strongly favor transferring this litigation to the Central District, which has a more substantial, logical, and practical connection to this action.

### 1.    This Case Should Be Transferred For The Convenience Of The Witnesses.

Convenience of the witnesses is "[o]ften cited as the most important factor . . . and the one most frequently mentioned" by courts considering motions to transfer venue under section 1404(a).  *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3851 at 199 (2d ed. 2007).  "If the forum initially chosen by plaintiff will be most convenient for the witnesses, this is a powerful argument against transferring the case. . . .*[I]f some other forum will better serve the convenience of witnesses a motion to transfer under Section 1404(a) is significantly more likely to be granted.*"  *Id.* at 199-205 (emphasis added); *Solomon v. Continental Am. Life Ins.*, 472 F.2d 1043, 1047 (3d Cir. 1973) (ordering a change of venue primarily because crucial witnesses were outside the Court's district).

By all accounts, the Northern District is not a convenient forum for the witnesses in this case. Both Plaintiff and Diamond Parking will likely require testimony at trial from current and former California employees, including their supervisors and managers, the vast majority of whom are located in Southern California. (Sumner Decl., ¶¶ 4, 5.) In contrast, not only did Teruel not live or work in Northern California, only a small fraction of the putative class of employees could be from Northern California. (Sumner Decl., ¶¶ 2, 6, 9.)

**2. The Availability Of Compulsory Process For Third Party Witnesses Also Weighs In Favor Of Transfer To The Central District.**

For the same reasons, the ability to subpoena witnesses to testify at trial would be greatly curtailed if the action remains in the Northern District. In *Solomon,* the court upheld the transfer of venue of a case in which "crucial witnesses" were subject to compulsory process in the transferee court's jurisdiction, but not in the transferor court's jurisdiction. *Solomon*, 472 F.2d at 1047. Likewise, in *Gulf Oil,* the Supreme Court stated that "the availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining attendance of willing witnesses" are important considerations. *Gulf Oil*, 330 U.S. at 508-09.

The District Courts in California have reached the same result. Indeed, the Northern District has made clear that "[o]ne of the most important factors to consider is the convenience of the [non-party] witnesses." When a non-party witness is beyond the compulsory subpoena power of the court, "a court will give primary consideration to third party . . . witnesses." *Geo. F. Martin Co. v. Royal Ins. Co. of America*, 2004 WL 1125048 at *3 (N.D. Cal. May 14, 2004). The Central District has held that "[i]t is clear from the statutory language that the Court must consider the convenience of the witnesses who may be called to testify at trial." *Fodor v. Burgles*, 1994 WL 822477 at *3 (C.D. Cal. December 27, 1994) (internal quotations and citations omitted). This factor is "[p]robably the most important to the Court's analysis." *Id.*

Should this action remain in the Northern District, the compulsory process will not be available for many witnesses at trial. *See* Fed. R. Civ. P. 45(b)(2) , 45(c)(3)(A)(iii) (non-party witness may be not be compelled to testify at trial if he or she lives more than 100 miles from the trial court.) Defendants expect to rely on testimony from current and former Diamond Parking

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

employees with knowledge of the pay practices alleged in the Complaint. As discussed above, those employees are virtually all located in Southern California. (Sumner Decl., ¶¶ 3-5.) As such they are beyond the subpoena power of this Court. Without full reach of the compulsory process, it is unlikely that these individuals will be compelled to testify at trial, and the availability of the subpoena power in the Northern District serves little to no purpose in this action. As a result, to ensure the availability of the compulsory process, this action should be transferred to the Central District.

**3.    Transfer To The Central District Will Also Serve The Convenience Of The Parties.**

"The convenience of the parties is also an important factor in determining whether to allow a transfer of venue." *Jarvis v. Marietta Corp.,* 1999 WL 638231, *4 (N.D.Cal.,1999); *see also Calagaz v. Calhoon*, 309 F.2d 248, 256 (1962) (where the court considered the 'estimate of the inconveniences' to the defendants from a trial away from their residence). Here, the vast majority of Diamond Parking's ties in California are to the Central District and its principal local office is in Santa Ana. (Sumner Decl., ¶¶ 3-5, 7, 11.) Diamond Parking's Southern California locations generate 96% of its California revenues, and are their payroll and personnel records. (Sumner Decl., ¶ 7.) Almost all of Diamond Parking's California employees are in Southern California. (Sumner Decl., ¶ 4.) And, nearly all of its parking locations and parking stalls are located in Southern California. (Sumner Decl., ¶ 8.) In contrast, Northern California represents only a small fraction of Diamond Parking's California business and very few employees are located in Northern California. (Sumner Decl., ¶¶ 9, 10.)

Moreover, the *convenience of Plaintiffs* will also be served by a transfer to the Central District. Teruel worked and lives within the Central District and nearly all of the putative class worked and is located Southern California. (Sumner Decl., ¶¶ 2-5.) In addition, their counsel is also located there. As a result, transfer of this action will serve the convenience of all concerned.

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**4.    The Increased Cost Of Litigation In California And Ease Of Access To Sources Of Proof In The Central District Favor Transfer To The Central District Of California.**

"Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). A court may take into account considerations of a practical nature that make a trial "easy, expeditious, and economical." *Gulf Oil*, 330 U.S. at 508, 67 (1947). The relative cost of litigation in the two forums is one such factor. *Jones*, 211 F.3d at 498-99. Because of the ties to Southern California discussed above, and because counsel for both Plaintiff and Defendants is located in Southern California, litigating in San Francisco will not be easy, expeditious, or economical for anyone in the case. As a result, the cost of litigation and sources of proof factors greatly favor transfer of this case to the Central District.

**5.    The "Interests Of Justice" Are Also Served Because The Southern District Is Less Congested Than The Northern District.**

Another consideration in determining the "interests of justice" is the relative congestion of the transferor and transferee courts. *Decker Coal Co v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (where the "the administrative difficulties flowing from court congestion" was one of the factors considered in a section 1404(a) transfer motion) According to the publicly-available 2006 Federal Court Management System, the Central District is significantly less congested than the Northern District. (LeCrone Decl., ¶ 3, Exh. A [http://www.uscourts.gov/cgi-bin/cmsd2006.pl].) Each Judgeship in the Central District has only two-thirds (461/620) of the filings and only about three-quarters (443/583) of the number of cases pending as compared to the Northern District. (*Id.*)

Given that the Central District seems less congested, for this additional reason, transfer to the Central District would also serve the interests of justice. *See Solomon, supra*, 472 F.2d at 1047 (where citing to the Administrative Office of the United States Courts, Management Statistics for the United States Courts (November 1972), the court favored transfer to the New Jersey District over North Carolina since "[t]he New Jersey district court had 353 pending cases

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  per judge at the end of the fiscal year 1972, while the Middle District of North Carolina had

2  177.")

3  **6.    Plaintiff's Choice Of Forum Should Be Given Little Weight.**

4  Although Plaintiff may argue that his choice of forum should be given dispositive weight,

5  the Supreme Court has made clear that a "plaintiff's choice of forum is only one relevant factor

6  for its consideration." *Stewart Organization, Inc. v. Rich Corp.*, 487 U.S. 22, 31 (1988).

7  "Plaintiff's choice of forum . . . is not the final word." *Pacific Car & Foundry Co. v. Pence*, 403

8  F.2d 949, 954 (9th Cir. 1968). In considering Plaintiff's choice of forum as a factor in deciding a

9  change of venue motion, the Court should consider the extent of both the Plaintiff and the

10  Defendants' business contacts with the forum, including those relevant to the causes of action. *Id.*

11  at 954.

12  All of the operative facts in this case – the ones arising from the allegations in connection

13  with the named Plaintiff's employment – stemmed from Diamond Parking's Long Beach location.

14  (Complaint.) Plaintiff neither resides nor worked in Northern California. (Sumner Decl., ¶ 2.)

15  Diamond Parking is not based in Northern California and in fact, most of its locations and nearly

16  all of it California revenues are from Southern California. (Sumner Decl., ¶¶ 7-8, 11 .) As a

17  result, there is little contact between this case and the Northern District of California and without

18  additional factors to support Plaintiff's choice of forum, it is entitled to only minimal

19  consideration.

20  **7.    The Short Pendency Of The Matter And The Fact That Discovery Has
        Not Begun Also Favor Transfer.**

21  As a final point, in deciding a motion to transfer venue, Courts also may consider how

22  long the case has been pending and the status of the litigation prior to the transfer motion. *Moore*

23  *v. Telfon Communications Corp.,* 589 F.2d 959, 968 (1978); *Williams v. Bowman,* 157 F.Supp.2d

24  1103, 1106 (N.D.Cal.2001). In *Fodor*, the Central District ruled that a case that had been pending

25  for three months was not pending for a sufficient length of time "to militate against transfer."

26  *Fodor*, 1994 WL 822477 at *4. Similarly, this action was filed in May of this year and was

27  removed to this Court just last month, on June 28, 2007. As of the filing of this motion, no

28

10

1 | discovery has taken place and no case management deadlines have yet passed. (LeCrone Decl.,
2 | ¶ 4.) The Federal Rule of Civil Procedure 26(f) Scheduling Conference is currently scheduled
3 | months away for October 9, 2007. (LeCrone Decl., ¶ 5.) There would be no loss of efficiency
4 | caused by a transfer of this case to the Central District.

### IV.  CONCLUSION

A transfer of this action to the Central District of California will serve the convenience of the witnesses and the parties, and serve the interests of justice. The factors set forth by 28 U.S.C. § 1404(a) and the Ninth Circuit fully support the transfer. As a result, Defendants' respectfully request that the Court grant this motion to transfer venue.

DATED:  July 27, 2007

DAVIS WRIGHT TREMAINE LLP
John P. LeCrone
Bruce G. McCarthy


By: _____/s/ John P. LeCrone_____
                John P. LeCrone

Attorneys for Defendants
DIAMOND PARKING, INC. and DIAMOND
PARKING SERVICES, LLC

11

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**DECLARATION OF JAN SUMNER**

**IN SUPPORT OF MOTION TO TRANSFER VENUE**

I, Jan Sumner, declare as follows:

1.      I am employed as Vice-President of Human Resources by Diamond Paymaster LLC, a Washington Limited Liability Company with a principal place of business in Washington and wholly-owned subsidiary of Defendant Diamond Parking Inc.  The other named Defendant, Diamond Parking Services, LLC does not employ any individuals.  The two entities named as Defendants in Plaintiff's Complaint are collectively referred to as "Defendants" or "Diamond Parking."  I am familiar with the facts set forth in this declaration and could and would testify competently to them.

2.      As Vice-President of Human Resources, I am fully familiar with the payroll and personnel practices and records maintained for Defendants' employees in California.  While employed by Diamond Parking, Plaintiff Robert Teruel worked in Diamond Parking's facilities in Long Beach, California.  According to Diamond Parking's personnel files and payroll records, Teruel resides at 14300 Clinton St., Space 35, Garden Grove, Orange County, California.

3.      As of June 30, 2007, approximately 81% of Diamond Parking's current California salaried employees are located in Southern California.

4.      As of June 30, 2007, approximately 89% of all of Diamond Parking's current California employees are located in Southern California.  The payroll and personnel records for these employees are maintained in Southern California.

5.      From January 1, 2003 to June 30, 2007, approximately 91% of Diamond Parking's salaried California employees worked out of its Southern California locations.

6.      As of June 30, 2007, approximately 19% of Diamond Parking's current California salaried employees are located in Northern California and from January 1, 2003 to June 30, 2007, approximately 9% of its salaried California employees worked out of Diamond Parking's Northern California locations.

1

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

7.    Substantially all of Diamond Parking's California revenues are generated from Southern California.  In 2006, Southern California represented 96% of the gross revenues generated from its California operations.

8.    As of May 31, 2007, Southern California accounted for 85% of the 132 parking locations in California.  Similarly, about 85% of the 10,076 California parking stalls are located in Southern California.

9.    As of June 30, 2007 only 11% of Diamond Parking's California employees work out of its Northern California locations.

10.    Northern California represents a small fraction of Diamond Parking's California business and revenues.

11.    Diamond Parking's California address as listed in the Secretary of State records is 17221 East 17th Street, Suite D, Santa Ana, California.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed on July 27, 2007 at Seattle, Washington.


                                    _____/s/ Jan Sumner_____
                                                Jan Sumner

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**DECLARATION OF JOHN P. LECRONE**

**IN SUPPORT OF MOTION TO TRANSFER VENUE**

I, John P. LeCrone, declare as follows:

12.     I am an attorney admitted to practice before all of the courts of this State and am a member of the bar of the Northern District of California.  I am a partner in the law firm of Davis Wright Tremaine LLP, counsel for defendants Diamond Parking Inc. and Diamond Parking LLC ("Diamond Parking" or "Defendants") in this matter.  I make this declaration in support of Diamond Parking's Motion to Transfer Venue.  The following statements are based upon my personal knowledge.  If called upon to testify, I could and would testify in a manner consistent with the statements made herein.

13.     On June 28, 2007, Diamond Parking removed the state action to the Northern District of California.

14.     Attached hereto as **Exhibit A** is a true and correct copy of a report from the 2006 Federal Court Management System obtained from the internet at http://www.uscourts.gov/cgi-bin/cmsd2006.pl, and reflecting that the Central District is significantly less congested than the Northern District.  Specifically, this report indicates that as compared to the Northern District, each Judgeship in the Central District has only two-thirds (461/620) of the filings and only about three-quarters (443/583) of the number of cases pending.  Further, cases in the Central District resolve quicker, whether by trial or some other disposition.

15.     As of the date of this declaration, no discovery has taken place in this matter and no case management deadlines have yet passed.

16.     The Federal Rule of Civil Procedure 26(f) Scheduling Conference is currently scheduled for October 9, 2007.

///

///

///

1

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    I declare under the penalty of perjury under the laws of the United States that the

2    foregoing is true and correct and that this declaration is executed on July 27, 2007 at Los Angeles,

3    California.

4

5                                          /s/ John P. LeCrone_____
                                           John P. LeCrone
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO TRANSFER VENUE
CASE NO. C 07-03388 MJJ
LAX 464317v1 0053052-000029

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899