**KRUTCIK & GEORGGIN**
A. Nicholas Georggin, Esq. (SBN 170925)
Carmine J. Pearl, II, Esq. (SBN 217389)
26021 Acero
Mission Viejo, CA 92691
(949) 367-8590;   (949) 367-8597 FAX
ngeorggin@kglawoffices.com; cjpearl@kglawoffices.com

Attorneys for Plaintiff ROBERT TERUEL, individually;
and on behalf of all those similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TERUEL, individually; and on behalf of all those similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>DIAMOND PARKING, INC., a Washington Corporation; DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company; and DOES 1 through 500, inclusive,<br><br>  Defendants. | CASE NO. C 07-03388 JSW<br><br>**DECLARATION OF A. NICHOLAS GEORGGIN, ESQ. IN SUPPORT OF STIPULATION OF DISMISSAL OF INDIVIDUAL ACTION AND CLASS ACTION CLAIMS**<br><br>[Federal Rules of Civil Procedure, rule 23(e), et seq.]<br><br>(Stipulation For Dismissal of Individual Action and Class Action Claims; [Proposed] Order; and Declaration of Jan Sumner filed and served concurrently herewith) |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

I, A. Nicholas Georggin, hereby declare and state as follows:

1.   I am a partner in the law firm of Krutcik & Georggin, the attorneys of record for Plaintiff, Robert Teruel, individually, and on behalf of all persons similarly situated, (hereinafter collectively "PLAINTIFFS") in the above-entitled matter. I have actively participated in this lawsuit since before the filing of the Complaint. I am familiar with the facts averred to herein, and if called to testify on these facts, I could and would do so competently.

1

*Dec. of ANG in Support of Settlement & Dismissal.wpd*

CASE NO. C 07-03389 VRW
Declaration of A. Nicholas Georggin, Esq.

**INVESTIGATION AND RESOLUTION OF THE PRESENT CASE**

2. As Class Counsel, Krutcik & Georggin has extensive experience litigating wage and hour claims involving both California and Fair Labor Standards Act ("FLSA") wage claims. As a partner, I have been involved in litigating and resolving several California and FLSA wage claims. The total gross aggregate settlement amount recovered for employees in those cases exceeds $91,000,000.

3. In this case, the investigation of the claims against Defendants, DIAMOND PARKING, INC., a Washington Corporation, and DIAMOND PARKING SERVICES, LLC, a Washington Limited Liability Company, (hereinafter "DIAMOND PARKING") began over eight months before the date this action was filed. Prior to filing the instant action, our attorneys interviewed the Named Plaintiff and reviewed time keeping, payroll and employment records. Our investigation confirmed that number of similarly situated California employees who were allegedly misclassified as "exempt" was limited. As a result, we researched the viability of maintaining a class action.

4. Thereafter, Mediation was scheduled with Mediator Michael J. Loeb, Esq. in Los Angeles, California, for both this case and a related action entitled *Paul O'Sullivan, et al., v. Diamond Parking, Inc.* ("*O'Sullivan*"). Prior to the Mediation, PLAINTIFFS' counsel met with counsel for DIAMOND PARKING to discuss the claims, potential unpaid wages, and outlined an agreement for the informal exchange of wage and employment information in both this and the *O'Sullivan* cases. PLAINTIFFS' counsel also met with the Named Plaintiff, Robert Teruel, to review the data and evidence provided by DIAMOND PARKING. We prepared spreadsheet reports and calculations and discussed a mediation strategy. Mr. Teruel also detailed his personal employment experiences and the facts and circumstances surrounding his termination.

5. During mediation, DIAMOND PARKING vigorously contested liability, the amount of claimed damages, and the propriety of class certification. To support its argument, DIAMOND PARKING produced evidence that the maximum potential class is limited to a total of twelve (12) current and former employees. These employees also had divergent job duties and worked in discrete job locations throughout the State of California. (See Declaration of Jan Sumner, filed concurrently herewith.) Thus, PLAINTIFFS would have faced significant obstacles obtaining class certification due

///

2

CASE NO. C 07-03389 VRW

*Dec. of ANG in Support of Settlement & Dismissal.wpd*    Declaration of A. Nicholas Georggin, Esq.

1  to a lack of both numerosity and commonality. Faced with these obstacles, Named Plaintiff, Robert Teruel, agreed to resolve his individual claims. As an express condition of the settlement, however, Mr. Teruel insisted that the claims of the absent class members be protected through a tolling agreement.

6.  Settlement of this case resulted after a day-long mediation session before Mediator Michael J. Loeb, Esq., a respected member of the bar with approximately 34 years of litigation experience. (A copy of Mr. Loeb's resume is attached as Exhibit "A".) The proposed settlement is the result of intensive, arm's length negotiations. The settlement provides that DIAMOND PARKING will pay a total of Forty Thousand Dollars ($40,000.00) for Mr. Teruel's individual claims, including all attorneys' fees and costs, in exchange for a dismissal of Mr. Teruel's individual action, with prejudice. Additionally, the settlement provides that the class action claims be dismissed, without prejudice, and includes a stipulation that the applicable statute of limitations be tolled for the duration of this action.

**DISCLOSURE OF RELATED CASES**

7.  Pursuant to Federal Rules of Civil Procedure, rule 23 (e)(2), PLAINTIFFS disclose the following cases that are related to this action. A case entitled *Paul O'Sullivan, et al., v. Diamond Parking Inc., et al.*, Case No. C 07-03389 VRW is currently pending before Chief Judge Vaughn R. Walker in Courtroom 6 of the United States District Court for the Northern District of California. The plaintiffs in the *O'Sullivan* action are also represented by Krutcik & Georggin. The *O'Sullivan* action involves PLAINTIFFS' claim that DIAMOND PARKING allegedly violated California law by failing to provide required meal/rest-breaks, failing to pay all wages due upon termination of employment, requiring employees to work off-the-clock, and not paying required overtime premium pay for its non-exempt hourly employees. The claims in *O'Sullivan* have been tentatively settled for the total amount of $856,000. A Motion for Preliminary Approval has been filed and is set to be heard on September 25, 2008, before Chief Judge Walker.

///
///
///
///

8. Additionally, there was pending an Equal Employment Opportunity Commission ("EEOC") claim by Named Plaintiff Constance Margerum against DIAMOND PARKING for alleged racial discrimination. Ms. Margerum proceeded in *propria persona* in the EEOC action. There has been a settlement of Ms. Margerum's EEOC claims. Krutcik & Georggin did not receive any compensation related to the resolution of Ms. Margerum's EEOC claims.

**AUTHENTICATION OF DOCUMENTS**

9. Attached hereto as Exhibit "A" is a true and correct copy of Mediator Michael J. Loeb's resume.

10. Attached hereto as Exhibit "B" is a true and correct copy of the Settlement Agreement and Release of Claims for Teruel's individual action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 15th day of July 2008, at Mission Viejo, California.

By: _____
A. Nicholas Georggin, Esq.

4

Dec. of ANG in Support of Settlement & Dismissal.wpd

CASE NO. C 07-03389 VRW
Declaration of A. Nicholas Georggin, Esq.

Exhibit "A"



THE RESOLUTION EXPERTS



**Michael J. Loeb, Esq.** was a labor and employment lawyer for more than 30 years before joining JAMS in March 2006. He has been mediating cases since 1991. Mr. Loeb began his career as a staff attorney for the Agricultural Labor Relations Board trying unfair labor practice cases. For the past three decades, he was a "full service" labor and employment lawyer first at Crosby Heafey Roach & May, Oakland, and then with McCutchen, Doyle, Brown & Enersen, whose labor and employment law department he led before its merger with Bingham Dana forming Bingham McCutchen in 2002.

**ADR Experience and Qualifications**
- Mediated, litigated, tried, or arbitrated virtually every conceivable type of labor, employment and employment benefits dispute in federal and state courts, including wage and hour class actions, wrongful termination, discrimination, harassment and retaliation cases, employment contract disputes, and misappropriation of trade secret cases
- Since 1991, mediated, arbitrated, or served as an early neutral evaluator in numerous cases, including the following representative matters

**Representative Matters**
- **Wage and Hour Claims:**
  - Numerous wage and hour class actions and individual cases, involving the alleged misclassification of employees as exempt, the failure to provide meal and rest periods, failure to reimburse for business expenses, and improper distribution of tips
  - Wage and hour and wrongful termination cases involving alleged LMRA preemption
- **Wrongful Termination:**
  - Executive termination cases involving disputes over whether good cause existed for termination, whether restricted stock and stock options vested, and the valuation of stock options
  - Public sector wrongful termination and whistleblower cases
  - Retaliation lawsuits alleging wrongful termination for engaging in protected activity or opposition to unlawful practices
- **Discrimination Claims:**
  - Age discrimination cases
  - Disability discrimination cases involving alleged wrongful termination, failure to provide reasonable accommodations, and the interplay between workers' compensation, long-term disability, SSDI, and disability discrimination claims
  - National origin discrimination cases and cases involving alleged discrimination based on English only policies
  - Pregnancy and Family Medical Leave/Family Rights Act discrimination cases, involving termination of employees on leave, and the failure to reinstate employees following the end of leaves
- **Sexual Harassment:** Individual and multiple plaintiff sexual harassment cases
- **ERISA:**
  - ERISA cases involving alleged breaches of fiduciary duty in the management of trust fund assets
  - ERISA section 510 cases involving alleged discrimination to avoid the vesting of or receipt of benefits
  - ERISA welfare benefit denial cases, primarily involving the denial of long-term disability benefits
- **Trade secret, non-compete, and non-solicitation** disputes
- **Americans with Disabilities Act (non-employment):**
  - Class action claims alleging failure to provide access to disabled students in educational facilities and activities
  - Class action claims involving the alleged lack of access to health care facilities and equipment

**Honors, Memberships, and Professional Activities**
- Northern California Super Lawyer, *San Francisco Magazine*, 2006
- Member, California Commission on Access to Justice, 2005-present
- State Bar President's Pro Bono Services Award, State Bar of California, 1991
- President, Alameda County Bar Association, 1993; Founder of its Alternative Dispute Resolution (ADR) Program; and Chair, ADR Program Executive Committee

- Speaking engagements include: State Bar of California's Labor & Employment Section and Practising Law Institute (Annual programs 2002-2005, presentation on wage and hour developments and class action litigation); numerous law firm and bar association presentations on mediating employment disputes and wage and hour class actions; presentation to California Employment Lawyer's Association on mediating wage and hour class actions, 2006 & 2008
- Super Lawyer, *Law & Politics* and *San Francisco Magazine*, 2005 and 2006
- Member and Chair, Civil Justice Reform Act Advisory Group of the United States District Court, Northern District of California, 1995-2000 (Appointed by United District Judge Thelton E. Henderson)
- Board member and Chair, East Bay Community Law Center (formerly the Berkeley Community Law Center), Boalt Hall's largest clinical program and the largest provider of indigent legal services in Alameda County, with 14 staff lawyers serving more than 4,000 clients per year, 1991-present

**Background and Education**
- Bingham McCutchen LLP (formerly McCutchen, Doyle, Brown & Enersen), 1998-2006 (Partner)
- Crosby Heafey Roach & May, Oakland, CA, 1976-1997 (Partner, 1983-1997)
- Attorney, Agricultural Labor Relations Board, 1976 (Staff Attorney)
- J.D., University of California, Hastings College of the Law, 1974 (*Order of the Coif*)
- B.A., Cornell University, 1969

Exhibit "B"

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into by and between Diamond Parking, Inc., and its subsidiaries and affiliates, past and present collectively referred to herein as "Diamond" and Robert Teruel to set forth the terms and conditions of their agreement.

Mr. Teruel filed a lawsuit against Diamond in which he alleged that he, and others similarly-situated to him, were improperly classified as exempt from state minimum wage and overtime laws and alleging violations of various California Labor Code provisions relating to the payment of minimum and overtime wages, the provision of rest breaks and meal periods, the payment of wages upon termination of employment and alleging other related violations. The case is pending in United States District Court for the Northern District of California (Oakland Division) ("Pending Litigation"). The parties participated in a mediation on September 26, 2007 with JAMS mediator Michael Loeb. The parties desire to resolve all of their differences, including those in the Pending Litigation.

In exchange for the benefits set forth, Mr. Teruel agrees to execute this Agreement which includes a full release of all claims and a dismissal of the Pending Litigation.

NOW THEREFORE, in exchange for the mutual consideration described herein, the sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **No Admission of Liability.** This Agreement shall not be construed as an admission by Diamond, or any of its managers or agents, of any wrongful act, unlawful discrimination, breach of contract, or other liability toward Mr. Teruel or any other person, nor shall it be construed as an admission by Mr. Teruel of any wrongful act.

2. **Consideration by Diamond.** In exchange for Mr. Teruel's release of all known and unknown claims, Diamond agrees to pay Mr. Teruel the gross sum of Forty Thousand Dollars ($40,000.00) ("Settlement Payment"). A portion of the Settlement Payment, in the amount of Eight Thousand Dollars ($8,000.00), shall be considered payment for disputed claims of lost wages and shall be reduced by applicable income tax withholding and payroll taxes. The remaining Thirty-Two Thousand Dollars ($32,000.00) of the Settlement Payment shall be considered a non-wage payment for disputed claims of general damages and penalties and shall be in the form of a check made payable to the order of "Krutcik and Georggin in trust for Robert Teruel." The Settlement Payment shall be delivered within ten (10) business days of the Effective Date of the Agreement.

3. **Complete Release of All Known and Unknown Claims.** In exchange for the consideration provided by Diamond, Mr. Teruel and his successors and assigns forever release and discharge Diamond, and any of its related entities or affiliates, any Diamond-sponsored employee benefit plan in which Mr. Teruel participated, and all of their respective investors, partners, officers, directors, trustees, agents, insurers, employees, employees' spouses (including successors and assigns) ("Released Parties") from any and all claims, actions, causes of action, rights, or damages (including claims for wages, bonuses, or paid-time-off benefits), including

1

costs and attorneys' fees ("Claims") which Mr. Teruel may have, known, unknown, or later discovered which arose prior to the date Mr. Teruel signs this Agreement.

This release includes but is not limited to, all claims that were or could have been asserted in the Pending Litigation, including but not limited to any and all Claims under the California Labor Code, the Fair Labor Standards Act, and the Cal. Bus. & Prof. Code Section 17200, any Claims for compensation under any prior employment agreement or other oral, written or implied contract; any Claims under any local, state, or federal laws prohibiting discrimination in employment, including without limitation the federal Civil Rights Acts, the California Fair Employment and Housing Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Employee Retirement Income Security Act; Claims alleging any legal restriction on Diamond's right to terminate its employees; or personal injury Claims, including without limitation wrongful termination, breach of contract, defamation, interference with business expectancy, or infliction of emotional distress.

4. **Agreement to File a Dismissal of the Pending Litigation with Prejudice.** Mr. Teruel agrees to sign, and authorize Diamond to file, a Stipulated Notice of Dismissal with prejudice of the Pending Litigation, in a form to be supplied by Diamond. The parties agree to prepare and submit the necessary stipulations to verify that the Pending Litigation is not appropriate for class action certification. Mr. Teruel agrees to return the signed Stipulation within five (5) business days of receipt of the Settlement Payment. Mr. Teruel then agrees not to file any other Claim that was released in this Agreement against Diamond or any Released Party with any court or government agency, and that he will not, to the extent allowed by applicable law, do so at any time in the future. However, this paragraph will not limit Mr. Teruel from filing a Claim to enforce the terms of this Agreement; shall not apply to ADEA Claims if applying it would violate the ADEA; and shall not apply to any other right or claim that cannot be waived by law, including but not limited to the right to file certain charges with, or participate in an investigation conducted by, a governmental agency that expressly prohibits waiver relative to same. If any government agency brings any claim or conducts any investigation against a Released Party, Mr. Teruel waives and agrees to relinquish any damages or other individual relief that may be awarded as a result of any such proceedings.

5. **Agreement Not to Cooperate with Litigation Against Diamond.** Mr. Teruel agrees not to solicit, encourage, support, cooperate with, or provide information to any individual, entity, or lawyer who seeks to pursue Claims against Diamond, with the exception that Mr. Teruel may respond truthfully to a validly-executed and served subpoena or other court procedure/order.

6. **Responsibility for Taxes and Indemnification.** Mr. Teruel is solely responsible for all tax consequences associated with the Settlement Payment, except those that represent the employer's tax responsibility.

7. **Release of Unknown Claims.** For the purpose of implementing a full and complete release and discharge of Diamond, Mr. Teruel acknowledges that this Agreement is intended to include in its effect, without limitation, all claims that Mr. Teruel did not know or suspect to exist in his favor at the time of execution hereof, regardless of whether the knowledge

2

of such claims would materially have affected the settlement of this matter, and that the consideration received from Diamond is also for the release of those claims.

       7.1    Mr. Teruel has read and understands the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Mr. Teruel understands that Section 1542 gives him the right not to release existing claims of which he presently is unaware, unless he voluntarily chooses to waive this right. Having been so apprised, Mr. Teruel nevertheless hereby voluntarily elects to, and does, waive the rights described in Section 1542, and elects to assume all risks for claims that now exist in his favor, known or unknown, relating to the subject of this Agreement.

       7.2    Mr. Teruel acknowledges and agrees that he is also relinquishing any claim for age discrimination which he might have as of the date of the Agreement. Mr. Teruel has been allowed at least twenty-one (21) days to consider this agreement before he signs it. The release of age discrimination claims will not be effective until seven (7) days have passed after Mr. Teruel signs it; Mr. Teruel may revoke it at any time during this seven (7) day period. To be effective, any revocation must be in writing, directed to the attention of Lawton Humphrey at Davis Wright Tremaine, Suite 2200, 1201 Third Avenue, Seattle, Washington, 98101-3045, and be received no later than the close of business on the seventh (7th) day following the date he signs this Agreement.

       8.    **Voluntary Agreement; Full Understanding; Advice of Counsel.** Mr. Teruel understands and acknowledges the significance of this Agreement and acknowledges that this Agreement is voluntary and has not been given as a result of any coercion. Mr. Teruel also acknowledges having been advised by Diamond to consult an attorney and acknowledges he has been given full opportunity to review and negotiate this Agreement and to consult with legal counsel to the extent desired. Mr. Teruel agrees that he executes this Agreement only after full reflection and analysis.

       9.    **Confidentiality.** Mr. Teruel agrees to keep the fact of, and the terms and contents of, this Agreement completely confidential. Mr. Teruel agrees not to publicize or disclose the fact of, or the terms and contents of, this Agreement to any person, unless required by law, regulation, or court order. To those who inquire about the status of the Charge or his dispute with Diamond, Mr. Teruel shall respond only that he and Diamond have resolved their differences. By way of exception, Mr. Teruel may disclose the terms of this document to his spouse (if any) and accountant, as necessary, as long as he notifies each of the importance of preserving confidentiality.

**10.   No Re-Employment.** Mr. Teruel agrees not to seek employment with any of the Released Parties at any time in the future. If any of the Released Parties receives an application, resume, or other request for employment from Mr. Teruel, or someone acting on his behalf, the Released Party shall have the right to refuse employment, and Mr. Teruel shall have no recourse against the Released Party based on that decision.

**11.   Binding Agreement.** This Agreement is binding on and shall inure to the benefit of the parties, as well as their heirs, successors, and assigns.

**12.   Severability.** If any portion of this Agreement is held to be invalid or unenforceable for any reason, the remaining covenants shall remain in full force and effect to the maximum extent permitted by law.

**13.   Entire Agreement.** This Agreement constitutes the entire agreement of the parties with respect to the matters covered in this Agreement and supersedes any previous agreements, whether written or oral.

**14.   Applicable Law.** This Agreement shall in all respects, including all matters of construction, validity and performance, be governed by and construed and enforced in accordance with the laws of the State of California without regard to choice of law principles. Any legal proceeding in connection herewith shall be brought in the courts of Los Angeles County, California.

**15.   Counterparts/Facsimiles.** This Agreement may be executed in counterparts. Facsimile signatures shall be given the same force and effect as original signatures.

*(Signatures on following page)*


**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES
A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**Diamond Parking, Inc.**                         **Robert Teruel**


By_____          _____

Its_____


Date:_____          Date:_____